[No. F007667. Fifth Dist. Dec. 11, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL KENT LEFFEL, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I, II, III and V.

COUNSEL

John P. Hannon II, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, J. Robert Jibson and Maureen S. Dunn, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BALLANTYNE, J.—

## INTRODUCTION

Defendant, Daniel Leffel, appeals following a jury trial in which he was found guilty of committing an assault with the intent to commit sodomy. At his sentencing hearing he requested a continuance because he had only one day to review the probation report. The motion was denied and he was sentenced to prison for the upper term of six years.

## FACTS

Defendant had known Jason A., who was 15 years old, for about one and one-half weeks when he called him and said he had a job for him in Mariposa. Jason was a troubled teenager with drug and alcohol problems. Jason and defendant left Modesto on defendant's motorcycle and drove to Mariposa, purchasing wine on the way.

They arrived in Mariposa around midnight and went to a hostel to stay. Defendant and Jason drank some wine. Mr. Terkildsen, the owner of the hostel, told them he would be leaving about 8 a.m. the next day to go to work.

The next day Jason got up, drank eight glasses of wine and took a shower. The defendant and Jason were in the room with the beds when

defendant asked Jason, "Have you ever made love to a man before?" Jason replied, "No." Defendant then said, "Would you like to try it?" Jason said, "No. I wouldn't." The defendant pushed Jason out the door and they started fighting. Defendant pushed Jason down a hill. They exchanged blows and Jason blacked out. When Jason began to regain consciousness, he realized his pants were down. Defendant, whose pants were also down and whose penis was erect, was behind Jason and touched him on the hip with his hand. Jason testified that defendant "tried to inject his penis into me." Jason elbowed him and ran away.

Defendant, when arrested later that day at the hostel, stated that he had only known Jason for one day and all he did was to push him down the hill during a fight.

Mitchell Terkildsen returned to the hostel that night and found several items broken. The fence outside was pushed over and the grass was pushed down for about 20 feet.

Daniel Rich was a bartender at the Mustang Club, a gay bar in Modesto. He testified that Jason tried to exchange sex acts for drinks, drugs or money at the bar. Daniel Rich is gay and was living in defendant's trailer.

Defendant's mother was called in rebuttal and testified that defendant was 35 years old and that Rich was living in defendant's trailer. Jason also testified on rebuttal and stated that he had met Rich at defendant's house, that he had never been to the Mustang Club, and that he never participated in homosexual acts.

## DISCUSSION

### I.-III.*

. . . . . . . . . . . . . . . . . . . . . .

### IV.

### WAS IT ERROR FOR THE TRIAL COURT TO REFUSE TO GRANT A CONTINUANCE OF THE SENTENCING HEARING?

Defendant's sentencing hearing was scheduled for Friday, September 5, 1986. At this time the following occurred: "MR. LA ROUCHE [defense

---

* See footnote, *ante,* page 1310.

counsel]: I don't know what the Court will want to do, because we are now moving that the sentencing be continued so that we can set the matter down for a sentencing hearing. We just received the probation report yesterday, and what I read of it would indicate to me that a hearing is in order. And so pursuant to that, I understand from Mr. Cavenaugh that the probation officer, Mary Stablein, who prepared the report is not any longer employed by the probation department, and that according to Mr. Cavenaugh, we would have to request the Court to order her presence on a hearing on the sentencing of this matter.

"THE COURT: What is your response to that?

"MR. ECKERSON [district attorney]: Well, Your Honor I don't see what the, what the grounds for a sentencing hearing are.

"MR. LA ROCHE: Well, Your Honor, the grounds are one, that he, we just received the report; two, that—

"THE COURT: The report was prepared on August 28th.

"MR. LA ROCHE: It may have been, Your Honor, but I didn't get a copy of it until yesterday morning. My last, the last time I checked with the Court Clerk's office, which was prior to yesterday, was Thursday—Wednesday, at 11:00 o'clock and it still was not in my box. I did not have a copy of it until yesterday morning.

"THE COURT: Should have been prepared and presented first, before that late date. Now, I want to hear the motion for new trial first, and dispose of that today."

The court then heard arguments on the motion for new trial. The court denied the motion and the following occurred: "Now, I see no need for Ms. Stablein [probation officer] to be present in court. The Court has received and read and thoroughly considered the probation report dated August 28th and presented to the Court on September 3rd. I order that the probation report and recommendation be filed.

"Now, as to the continuance, you state that you received sheriff's reports that you haven't gone into. Did you receive those—

"MR. LA ROCHE: No, I received the probation—

"THE COURT: Well, I know, but it's not so voluminous that it should cause any difficulty. How do you feel about the continuance, Mr. Eckerson?

"MR. ECKERSON: Well, Your Honor, I'm opposed to it. I mean I received it, our records show—they really don't show when we received it—and I've read it this morning. I don't see any, anything to be gained by dragging this out for another continuance. Counsel can speak to the facts. I'm sure he's read it. I would be opposed to the continuance on this.

"THE COURT: I see no need for a continuance. Your motion for continuance is denied.

"Is there any legal cause now why judgment should not be imposed?

"MR. LA ROCHE: Well, other than those stated heretofore, there are none."

Defense counsel argued for probation. The People argued for the upper term. The court denied probation and imposed the upper term.

■ Defendant asserts that the trial court's failure to order a continuance of the sentencing hearing was error requiring a remand for resentencing. He argues that the Penal Code section 1203d time requirements are mandatory. Defendant contends that whenever the time requirements are violated and an objection is made, a remand is mandated. Even assuming the error is not reversible per se, defendant argues that the error was prejudicial because counsel was not given an opportunity to investigate and rebut highly inflammatory allegations in the report. Also, counsel was not able to prepare an argument outlining potentially viable mitigating circumstances. Furthermore, defendant contends that it was critical to allow him an opportunity to question the probation officer who prepared the report. Finally, the court's denial of the continuance request denied defendant a fair sentencing hearing.

Respondent asserts that the record shows that the court suspected defense counsel had received the report earlier and that the report was not so voluminous that preparation would be difficult in a short time. Respondent argues that defendant has failed to show prejudice.

Penal Code section 1203d provides in pertinent part: "No court shall pronounce judgment upon any defendant, as to whom the court has requested a probation report pursuant to Section 1203.10, unless a copy of the probation report has been made available to the court, the prosecuting attorney, and the defendant or his or her attorney, at least two days or, upon the request of the defendant, five days prior to the time fixed by the court for consideration of the report with respect to pronouncement of

judgment. The report shall be filed with the clerk of the court as a record in the case at the time the court considers the report."

Penal Code section 1203.10 provides in pertinent part: "At the time of the plea or verdict of guilty of any person over 18 years of age, the probation officer of the county of the jurisdiction of said criminal shall, when so directed by the court, inquire into the antecedents, character, history, family environment, and offense of such person, and must report the same to the court and file his report in writing in the records of such court. When directed, his report shall contain his recommendation for or against the release for such person on probation. . . ."

Penal Code section 1203 provides in pertinent part: "(b) Except as provided in subdivision (j), *in every case in which a person is convicted of a felony and is eligible for probation,* before judgment is pronounced, the court shall immediately refer the matter to the probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the crime and the prior history and record of the person, which may be considered either in aggravation or mitigation of the punishment. The probation officer shall immediately investigate and make a written report to the court of his or her findings and recommendations, including his or her recommendations as to the granting or denying of probation and the conditions of probation, if granted. Pursuant to Section 828 of the Welfare and Institutions Code, the probation officer shall include in his or her report any information gathered by a law enforcement agency relating to the taking of the defendant into custody as a minor, which shall be considered for purposes of determining whether adjudications of commissions of crimes as a juvenile warrant a finding that there are circumstances in aggravation pursuant to Section 1170 or to deny probation. The probation officer shall also include in the report his or her recommendation of the amount the defendant should be required to pay as a restitution fine pursuant to Section 13967 of the Government Code. The probation officer shall also include in his or her report a recommendation as to whether the court shall require, as a condition of probation, restitution to the victim or to the Restitution Fund. *The report shall be made available to the court and the prosecuting and defense attorney at least nine days prior to the time fixed by the court for the hearing and determination of the report, and shall be filed with the clerk of the court as a record in the case at the time of the hearing. The time within which the report shall be made available and filed may be waived by written stipulation of the prosecuting and defense attorneys which is filed with the court or an oral stipulation in open court which is made and entered upon the minutes of the court.* At a time fixed by the court, the court shall hear and determine the application, if one has been made, or, in any case, the suitability of probation in the particular case. At the hearing, the court shall

consider any report of the probation officer and shall make a statement that it has considered such report which shall be filed with the clerk of the court as a record in the case. If the court determines that there are circumstances in mitigation of the punishment prescribed by law or that the ends of justice would be served by granting probation to the person, it may place the person on probation. If probation is denied, the clerk of the court shall immediately send a copy of the report to the Department of Corrections at the prison or other institution to which the person is delivered." (Italics added.)

■ In our opinion, Penal Code section 1203 is the applicable code section. This section specifically covers all persons convicted of a felony who are eligible for probation. Penal Code section 1203.10 is general in terms and must therefore cover those persons not specifically covered under Penal Code section 1203, such as persons not eligible for probation or persons who have been convicted of a misdemeanor. While under Penal Code section 1203.065 probation may not be granted to a defendant convicted of violating Penal Code section 220 except in unusual cases where the interests of justice would best be served, probation is not statutorily prohibited. Thus, defendant's probation report was mandated and prepared pursuant to Penal Code section 1203.

Penal Code section 1203 was amended in 1969 to provide that the report of the probation officer had to be made available to the court and attorneys at least two days "or, upon the request of the defendant, five days" prior to the time fixed for hearing and determination of such report. It was amended again in 1977 to provide the present nine-day time limit. When the Legislature amended this section in 1969 it made the following statement: "The Legislature, by this act, does not intend that the preparation or submission of probation reports be accelerated in relation to present law and practice. It is the intention of the Legislature that the courts exercise their discretion in fixing dates for pronouncing judgments five or more days after all the interested parties have received copies of probation reports so that such parties have adequate time to evaluate such reports." (Stats. 1969, ch. 522, § 4, p. 1137.)

■ Initially, we note that it is not required that a defendant be given the right to cross-examine the probation officer who prepared the report. (*People* v. *Smith* (1985) 38 Cal.3d 945 [216 Cal.Rptr. 98, 702 P.2d 180].) Thus, defendant's request for a continuance on this ground was properly denied. ■ But, the record implicitly shows that defense counsel was requesting a continuance to better prepare for the sentencing of defendant because he did not have the report in time to do an adequate investigation and preparation. Defense counsel was cut off by the court when he attempt-

ed to place his reasons on the record. The objection was adequately preserved for appeal.

In *People* v. *Oppenheimer* (1963) 214 Cal.App.2d 366 [29 Cal.Rptr. 474], the trial court indicated that it was going to refer the defendant's case for the preparation of a probation report. The defendant objected and said he would not cooperate. The judge went ahead and made the referral because it was his mandatory duty under Penal Code section 1203. (*Id.* at p. 371.) The report was delivered to the defendant 30 minutes before the sentencing hearing. The defendant objected. "The trial judge overruled the objection on the ground that defendant had earlier objected to any probation report at all being made." (*Ibid.*) The appellate court found error. "To deny defendant an opportunity to study, for the full time allowed by law, matters which bear on his sentence is a clear denial of his statutory rights." (*Ibid.*)

The same type of contention was raised in *People* v. *Valdivia* (1960) 182 Cal.App.2d 145, 146-147 [5 Cal.Rptr. 832], and *People* v. *Perry* (1963) 220 Cal.App.2d 841, 846 [34 Cal.Rptr. 110]. In these cases there was no error because when the defendants objected, the court granted a continuance and allowed the defendants ample time to comprehend, analyze and evaluate the report.

 In the instant case, defendant actually received the report on Thursday, the day before the sentencing hearing. The report was possibly in defense counsel's box on Wednesday after 11 a.m. The defendant clearly did not receive the report by the statutory time limit of nine days. The court erred in failing to grant a continuance.

Although both parties argue the prejudice or lack thereof in the instant case, the possibilities for prejudice are clear and the actual prejudice suffered is a matter of conjecture.

What the defendant might have been able to object to or to add further to the report cannot be determined because he was not afforded the proper opportunity to comprehend, analyze, investigate and evaluate the report. It is clear that the Legislature intended that he be given this opportunity. Although a defendant is not entitled to the same procedural safeguards at a sentencing hearing as he is at trial, the procedures must be fundamentally fair. (*People* v. *Santana* (1982) 134 Cal.App.3d 773, 781 [184 Cal.Rptr. 733].)

 The defendant did not receive the probation report nine days prior to the sentencing hearing as mandated by Penal Code section 1203, subdivision (b). The defendant made a proper objection to this error and was not

prepared to proceed. The court's failure to grant a continuance rendered the sentencing hearing fundamentally unfair. The defendant is entitled to a remand for resentencing. The defendant is also entitled to the preparation of an updated probation report, including information regarding the defendant's behavior while incarcerated during the pendency of this appeal, since it has been over one year since he was sentenced. (*People* v. *Brady* (1984) 162 Cal.App.3d 1, 7 [208 Cal.Rptr. 21].)

V.*

. . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed. The judgment insofar as it relates to sentencing is ordered vacated and the matter remanded for resentencing in accordance with the views expressed herein.

Hamlin, Acting P. J., and Best, J., concurred.

---

*See footnote, *ante,* page 1310.