[No. B124280. Second Dist., Div. Four. June 16, 1999.]

In re ALFRED RODNEY on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Factual and Procedural Summary and part I.

**COUNSEL**

A. William Bartz, Jr., under appointment by the Court of Appeal, for Petitioner.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Carol Wendelin Pollack, Assistant Attorney General, Robert F. Katz, Brad D. Levenson and Erika D. Jackson, Deputy Attorneys General, for Respondent.

**OPINION**

**EPSTEIN, Acting P. J.**—Alfred Rodney was convicted of three sex offenses. He was sentenced to consecutive terms under Penal Code section 667.6.[1] Rodney petitioned this court, arguing that his sentence was improper because his offenses constituted a single transaction and because he had not suffered a previous conviction for violation of section 220.

In the published portion of this opinion, we conclude that a defendant may be sentenced to consecutive terms under section 667.6, subdivision (d) even though the defendant had not suffered a previous violent sex crime conviction, as long as the other requirements of the subdivision are satisfied. In the unpublished portion of the opinion, we conclude the evidence supported the trial court's conclusion that the oral copulation and rape were committed on "separate occasions," but did not support the conclusion that the digital penetration was committed on a "separate occasion."

FACTUAL AND PROCEDURAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I*

. . . . . . . . . . . . . . . . . . . . . . . . . .

II

 Rodney also argues an issue of statutory construction: is section 667.6, subdivision (d) triggered only if a defendant previously suffered a

---

[1] All further statutory citations are to this code unless otherwise indicated.
*See footnote, *ante*, page 36.

conviction for violation of section 220?[2] Section 667.6, subdivision (d) provides: "A full, separate, and consecutive term shall be served for each violation of *Section 220, other than an assault with intent to commit mayhem, provided that the person has been convicted previously of violating Section 220 for an offense other than an assault with intent to commit mayhem,* paragraph (2), (3), (6), or (7) of subdivision (a) of Section 261, paragraph (1), (4), or (5) of subdivision (a) of Section 262, Section 264.1, subdivision (b) of Section 288, subdivision (a) of Section 289, of committing sodomy in violation of subdivision (k) of Section 286, of committing oral copulation in violation of subdivision (k) of Section 288a, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person if the crimes involve separate victims or involve the same victim on separate occasions." (Italics added.)

The italicized language was added by a 1988 amendment to subdivisions (c) and (d) of the statute. (Historical and Statutory Notes, 49 West's Ann. Pen. Code (1999 ed.) § 667.6, p. 566.) Prior to this amendment the statute provided: "A full, separate, and consecutive term shall be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person if the crimes involve separate victims or involve the same victim on separate occasions." (See former § 667.6, subd. (d); Stats. 1987, ch. 1068, § 4, p. 3611.)

The Legislature amended section 667.6, subdivisions (c) and (d) because it was concerned that a defendant convicted of assault with the intent to commit a sexual offense could not be sentenced under section 667.6.[3] As explained by the Senate Committee on the Judiciary: "This bill would include in the enumerated list of sex offenses in which a full, separate, and consecutive term may or shall be imposed, certain assaults which were committed with the intent to commit specified sex offenses. [¶] The purpose of this bill is to increase the maximum sentence for specified sexual offenses." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 4284 (1987-1988 Reg. Sess.).) The same purpose is reiterated by the Assembly Committee on Public Safety: "According to the author's staff, the purpose of AB

---

[2]Section 220 provides: "Every person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288 or 289 is punishable by imprisonment in the state prison for two, four, or six years."

[3]We take judicial notice of the legislative history of Assembly Bill No. 4284 which resulted in the 1988 amendment to section 667.6. (See Evid. Code, § 451, subd. (c).)

4284 is to allow the imposition of full consecutive terms for assault with intent to commit a sexual offense. Many assaults with intent to commit a sexual offense would have been a rape or other offense had the victim not fought the assailant. Existing law does not allow full consecutive terms in these assault cases, thus penalizing a victim who fights back. This bill would cure this inequity by allowing full consecutive terms in these cases." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 4284 (1987-1988 Reg. Sess.).) The legislative analyst explained: "[T]his bill expands the number of criminal offenses for which full consecutive prison terms may be imposed." (Analysis of Assem. Bill No. 4284 (1987-1988 Reg. Sess.), italics omitted.)

■ The fundamental rule of statutory construction is to effectuate the purpose of the Legislature. (*White* v. *County of Sacramento* (1982) 31 Cal.3d 676, 681 [183 Cal.Rptr. 520, 646 P.2d 191]; *People* v. *Hull* (1991) 1 Cal.4th 266, 271 [2 Cal.Rptr.2d 526, 820 P.2d 1036].) " 'Where a statute is theoretically capable of more than one construction [a court must] choose that which most comports with the intent of the Legislature.' " (31 Cal.3d at p. 681.)

■ It is evident that the intent in adopting the 1988 amendment to section 667.6 was to include a violation of section 220 within the ambit of the section 667.6 sentencing scheme, not to require a conviction under section 220 as a prerequisite to application of that scheme. The goal was to expand, not limit, the reach of section 667.6. Prior to the 1988 amendment, application of section 667.6 was not contingent on a prior conviction under any statute. The Legislature did not seek to impose that requirement.

The result is the same under the last antecedent rule. Under that rule, qualifying words and phrases refer solely to the immediately preceding antecedent. (*White* v. *County of Sacramento, supra,* 31 Cal.3d at p. 680.) The phrase "provided that the person has been convicted previously of violating Section 220" modifies its antecedent "each violation of Section 220, other than an assault with intent to commit mayhem, . . ." It does not modify the subsequent enumerated offenses. A defendant whose current conviction is for violation of section 220 may be sentenced under section 667.6, subdivision (d) only if he suffered a prior conviction under section 220. However, if a defendant is convicted of a different enumerated offense, such as rape or oral copulation, there is no requirement that he suffer a prior conviction.

Rodney was convicted of three offenses enumerated in section 667.6, subdivision (d). The trial court found that the offenses were committed on separate occasions, and sentenced Rodney to a consecutive sentence for each violation. After finding that the offenses were committed on separate occasions, the trial court was required to apply section 667.6, subdivision (d). We

infer that the trial court applied section 667.6, subdivision (d). Application of that section is proper with respect to the oral copulation and rape. As we explained, there is not evidence in the record to support the finding that the digital penetration happened on a "separate occasion."

### DISPOSITION

The petition for habeas corpus is granted. The case is remanded for resentencing. If the trial court selects the sentencing scheme under section 667.6, subdivision (c), it must provide a statement of reasons justifying its decision.

Hastings, J., and Curry, J., concurred.