[No. B115308. Second Dist., Div. Two. July 31, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
DANNY RICHARD BOHANNON et al., Defendants and Appellants.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Factual Summary, Appellants' Contentions and parts 2. and 4.-10.

**COUNSEL**

Randy Short for Defendant and Appellant Danny Richard Bohannon.

Tony L. Cogliandro for Defendant and Appellant Steven Michael Hagemann.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sanjay T. Kumar and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GOODMAN, J.[*]**—Danny Richard Bohannon (sometimes referred to hereinafter as Bohannon) and Steven Michael Hagemann (sometimes referred to hereinafter as Hagemann) appeal their convictions following joint trials before separate juries on multiple counts of rape, rape by use of drugs, rape of an unconscious person, sodomy and related offenses. Bohannon was charged with 26 counts and Hagemann with 48 counts.[1]

Bohannon was convicted of seven counts against five victims as follows: one count of rape by use of drugs (Pen. Code, § 261, subd. (a)(3));[2] one count of rape of an unconscious person (§ 261, subd. (a)(4)); four counts of conspiracy to rape by use of drugs (§§ 182, subd. (a)(1), 261, subd. (a)(3));

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]A third defendant, Stanley Albers, was charged as a codefendant in four of the counts. He entered a no contest plea and was convicted and sentenced. He is not a party to this appeal.

[2]All subsequent unspecified references are to the Penal Code.

and one count of attempted rape by use of a drug (§§ 664, 261, subd. (a))(3)). Bohannon was sentenced to 19 years in state prison.

Hagemann was convicted of 43 counts against 14 victims as follows: eight counts of rape by use of drugs (§ 261, subd. (a)(3)); seven counts of rape of an unconscious victim (§ 261, subd. (a)(4)); five counts of genital penetration by a foreign object of a victim unable to resist (§ 289, subd. (e)); five counts of genital penetration by a foreign object of an unconscious victim (§ 289, subd. (d)); two counts of sodomy of a person prevented from resisting by use of a drug (§ 286, subd. (i)); two counts of sodomy of an unconscious person (§ 286, subd. (f)); two counts of attempted rape by use of drugs (§§ 664, 261, subd. (a)(3)); two counts of attempted rape of an unconscious person (§§ 664, 261, subd. (a)(4)); four counts of conspiracy to rape by use of drugs (§§ 182, subd. (a)(1), 261, subd. (a)(3)); and six counts of poisoning (§ 347, subd. (a)).

Hagemann was sentenced to 77 years in state prison.

We will affirm each conviction and remand the matter for resentencing of Hagemann.

## FACTUAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . .

## APPELLANTS' CONTENTIONS*

. . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

1. *Hagemann's discovery request.*

■ Hagemann contends that he was prevented from obtaining the names and addresses of all witnesses in the case, and thereby deprived of his ability to prepare a defense. Neither the record nor applicable law supports this contention.

a. *Factual predicate.*

Hagemann's discovery contention is predicated upon proceedings at two pretrial hearings. At the first of these hearings, which took place on January

*See footnote, *ante,* page 798.

13, 1997, counsel for Hagemann indicated he was anxious to have a timely trial for his client. Later in that hearing the People expressed concern over defense contacts with victims, advising the court that a subpoena for one of the victims who had requested confidentiality[7] had been left for her at the residence of her grandparents. On being told by the person who left the subpoena that their granddaughter "was a witness in a rape case," the grandparents had become quite upset. Counsel for Hagemann first indicated to the court that he had no knowledge of this action and then advised the court that he had no objection to an order by the court that the defense not contact any victim in the case so long as the district attorney would make the victims available for interview by the defense. The court then made that order.

At a subsequent hearing, counsel for Hagemann asked that the district attorney be ordered to disclose the addresses and telephone numbers of two particular victims, John and Marcus, each of whom the district attorney advised the court had requested that their addresses (but not their full names, which were contained in the information) remain confidential. The stated purpose of the disclosure was to allow the defense to "do record searches." The district attorney offered to make these two victims available for questioning. The court concurred in this procedure and ordered that the defense could ask these witnesses at those interviews if they wished to disclose their addresses. The court then denied the defense request to order disclosure of the addresses of these victims at that time, but ordered that their birth dates be disclosed to the defense. Hagemann's counsel does not cite any other portion of the record at which he made a request for information about these or other victims or witnesses. Thus, the record indicates that the discovery contention advanced on this appeal relates only to two victims and only to their addresses. Nor is there any indication in the record of the proceedings below that the court's order was not carried out, viz., it appears that the victims were interviewed by the defense and that counsel obtained whatever information he sought from them prior to their testifying.

---

[7]The particular victim's request for confidentiality appears to have been one to have her referred to by an alias and to preclude public disclosure of her name. Section 293.5 provides a procedure by which the true identity of a victim of one of the sex offenses specified in that statute may be kept confidential and an alias used instead upon request of the victim and order of the court. This statute does not permit the true identity of a victim, whose name is otherwise to be protected, to be withheld from the defense. Thus, the first clause of section 293.5, subdivision (a) provides that disclosure must be made to the defense as required by the criminal discovery provisions of the Penal Code section 1054 et seq. (See, e.g., §§ 1054.1, particularly, subd. (a) [mandating disclosure to counsel for the defense of names and addresses of the prosecutor's trial witnesses], 1054.2 [restricting disclosure of that information to the defendant and family members], and 1054.8 [interview procedures].)

b. *Legal analysis.*

This record demonstrates that Hagemann has waived his contention as to victims other than John and Marcus (see *People v. Collie* (1981) 30 Cal.3d 43, 49 [177 Cal.Rptr. 458, 634 P.2d 534, 23 A.L.R.4th 776]) and that Hagemann's counsel was free to ask each of these victims for his address—or any other information—at the interview arranged by the district attorney. The record indicates that the defense was given all other information (name, birth date and photograph) of each of the victims which it requested. Further, there is nothing in the record which indicates that the defense did not ultimately speak with each of the victims, including John and Marcus, and get the addresses of these victims and any other information the defense needed to prepare for trial. Hagemann does not direct our attention to any subsequent point in the record at which this information was considered still in issue. Finally, there is no indication in the record of how the lack of knowledge of the addresses of these two victims, assuming arguendo, that such information was never disclosed, impeded the preparation of a defense. Rather, at a hearing on June 20, 1997, counsel for Hagemann told the court that since the trial had started he had had an opportunity to speak with the witnesses whose addresses had been withheld earlier. Thus, there does not appear to be any factual basis for the claimed error.

Nevertheless, Hagemann contends that the failure to order disclosure of the addresses of these two victims was error. For the following reasons, this contention is without legal foundation.

 The obligation of the People to disclose information to the defense is dependent upon whether that obligation has a constitutional or statutory basis. As articulated by the United States Supreme Court in *Brady v. Maryland* (1963) 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215], the prosecution has a sua sponte obligation, pursuant to the due process clause of the United States Constitution, to disclose to the defense information within its custody or control which is material to, and exculpatory of, the defendant. (E.g., *Kyles v. Whitley* (1995) 514 U.S. 419 [115 S.Ct. 1555, 131 L.Ed.2d 490]; *In re Ferguson* (1971) 5 Cal.3d 525 [96 Cal.Rptr. 594, 487 P.2d 1234].) This constitutional duty is independent of, and to be differentiated from, the statutory duty of the prosecution to disclose information to the defense. (§ 1054 et seq.; *Izazaga v. Superior Court* (1991) 54 Cal.3d 356, 378 [285 Cal.Rptr. 231, 815 P.2d 304].) The California statutory scheme, adopted by initiative in 1990, requires that the prosecution disclose specified information to the defense, as set out in section 1054.1, including, among other things, the names and addresses of witnesses which the prosecution

intends to call at trial. (§ 1054.1, subd. (a).) Violation of the California statute may result in imposition of sanctions pursuant to section 1054.5.

 Failure to disclose the address of a victim who is reasonably expected to testify at trial would violate the prosecution's obligation under section 1054.1, subdivision (a). Such a violation would invoke the sanctions provisions of section 1054.5.[8] What Hagemann does not recognize, however, is that the sanctions provided for by section 1054.5 are available only prior to the close of testimony and for so long as the trial court has jurisdiction of a criminal case. Thereafter, and barring circumstances that are clearly not present in this case, any discovery violation is measured by a posttrial standard.

To prevail on a contention made on appeal from a judgment of conviction on the grounds of violation of the pretrial discovery right of a defendant, the defendant must establish that the information not disclosed was exculpatory and that " 'there is a reasonable probability that, had the evidence been disclosed . . . , the result of the proceedings would have been different.' " (*Kyles v. Whitley, supra,* 514 U.S. 419, 433-434 [115 S.Ct. 1555, 1565], quoting from *United States v. Bagley* (1985) 473 U.S. 667, 682, 685 [105 S.Ct. 3375, 3383, 3385, 87 L.Ed.2d 481]; *In re Brown* (1998) 17 Cal.4th 873, 886-887 [72 Cal.Rptr.2d 698, 952 P.2d 715].) Evidence is material in the context of review of a discovery violation postconviction if "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." (*Kyles v. Whitley, supra,* at p. 435 [115 S.Ct. at p. 1566].) Posttrial, under *Brady* and its

---

[8] Section 1054.5 provides: "(a) No order requiring discovery shall be made in criminal cases except as provided in this chapter. This chapter shall be the only means by which the defendant may compel the disclosure or production of information from prosecuting attorneys, law enforcement agencies which investigated or prepared the case against the defendant, or any other persons or agencies which the prosecuting attorney or investigating agency may have employed to assist them in performing their duties.

"(b) Before a party may seek court enforcement of any of the disclosures required by this chapter, the party shall make an informal request of opposing counsel for the desired materials and information. If within 15 days the opposing counsel fails to provide the materials and information requested, the party may seek a court order. Upon a showing that a party has not complied with Section 1054.1 or 1054.3 and upon a showing that the moving party complied with the informal discovery procedure provided in this subdivision, a court may make any order necessary to enforce the provisions of this chapter, including, but not limited to, immediate disclosure, contempt proceedings, delaying or prohibiting the testimony of a witness or the presentation of real evidence, continuance of the matter, or any other lawful order. Further, the court may advise the jury of any failure or refusal to disclose and of any untimely disclosure.

"(c) The court may prohibit the testimony of a witness pursuant to subdivision (b) only if all other sanctions have been exhausted. The court shall not dismiss a charge pursuant to subdivision (b) unless required to do so by the Constitution of the United States."

Application of these provisions is discussed in the text, *post.*

progeny, we apply the "reasonable probability of different outcome" test. Such a "reasonable probability" exists where it is probable that the discovery violation is sufficient to undermine confidence in the outcome. (*Kyles v. Whitley, supra,* at pp. 434-435 [115 S.Ct. at p. 1566]; accord, *In re Brown, supra,* at pp. 886-887; *In re Williams* (1994) 7 Cal.4th 572, 611-612 [29 Cal.Rptr.2d 64, 870 P.2d 1072].)

(1c) On the record presented, Hagemann's contention is without merit. Not only is there no factual predicate to support the initial contention, but, even assuming, arguendo, there exists a factual basis for this contention, there is no evidence or argument to support a finding that it is reasonably probable that the result of these proceedings would have been different had the addresses of the two victims about which the defense inquired at the pretrial hearing been disclosed at or shortly after that hearing.

Hagemann's reliance on *Reid v. Superior Court* (1997) 55 Cal.App.4th 1326 [64 Cal.Rptr.2d 714], is inapposite. In *Reid*, the defense obtained a writ from the appellate court reversing the trial court's order precluding any contact by the defense with trial witnesses for the reason that the prosecution had not made a sufficient showing of justification for that order. We are presented with an arguably similar order, but in a different procedural setting; that different circumstance compels a different analysis and result.

In ruling on discovery matters prior to, or during trial, the trial court has available the sanctions provided for by section 1054.5.[9] On timely pretrial review of an arguably erroneous ruling on a discovery issue, this court may fashion a remedy within the confines of the statute if the discovery principle has a statutory base, or as mandated by the due process clause of the federal Constitution if the right to be vindicated derives from the federal due process clause. (See *Izazaga v. Superior Court, supra,* 54 Cal.3d at p. 378.) Posttrial, the statutory remedies of section 1054.5 are no longer available. (*People v. Gonzalez, supra,* 51 Cal.3d 1179, 1256-1258.)[10] Posttrial, as we have discussed, *ante,* to prevail on a contention made on appeal

---

[9]The text of section 1054.5 is set out in footnote 8, *ante.* That section contains a list of remedies which are available to either a defendant, or to the prosecution, upon timely request upon the proper factual showing.

These various sanctions were available prior to or during the trial, up to and including instruction to the jury, and for so long as the criminal case was pending in the trial court. (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1256-1258 [275 Cal.Rptr. 729, 800 P.2d 1159].) Hagemann did not seek imposition of any of them. Based on the record, it appears that the reason he did not do so is because he had received the information he needed to prepare his defense.

[10]The conclusion that the remedies provided for by section 1054.5 are not available after the conclusion of the criminal case is also evident by reference to the sanctions which are authorized by the statute. For example, after trial there is no longer an opportunity to·delay

from a judgment of conviction on the grounds of violation of the pretrial discovery right of a defendant, the defendant must establish that " 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different.' " (*Kyles v. Whitley, supra,* 514 U.S. 419, 433-434 [115 S.Ct. 1555, 1565], quoting from *United States v. Bagley, supra,* 473 U.S. 667, 682, 685 [105 S.Ct. 3375, 3383, 3385]; *In re Brown, supra,* 17 Cal.4th 873, 886-887.)

■ Hagemann has made no such showing, nor does our review indicate any merit in such a contention. On this record we are unable to conclude that there is a reasonable probability that the outcome of the trial would have been different had John's and Marcus's addresses been disclosed to Hagemann's counsel prior to trial in a timely manner, assuming, arguendo, that this had not in fact occurred.

2. *The scope of Hagemann's permitted testimony.**

. . . . . . . . . . . . . . . . . . . . . . . . . .

3. *Sentencing issues.*

Hagemann makes two contentions concerning his sentencing: that (a) he was denied a continuance to read, consider and respond to the probation report, and (b) the court improperly sentenced him under section 667.6, subdivision (c).

a. *Denial of a continuance to read, consider and respond to the probation report.*

■ The record clearly reflects a timely request by Hagemann's counsel for a continuance to respond to the probation report, which his counsel advised the court he had received on the date of the sentencing hearing.[11] At that time, Hagemann's counsel made a clear and unequivocal objection to proceeding without having at least the statutorily required five days to read,

---

the testimony of a witness to permit the defense (or the prosecution) time to interview the witness; nor is it feasible to instruct the jury about a party's refusal to make discovery as mandated by law (see § 1054.5, subd. (b) and CALJIC No. 2.28.)

*See footnote, *ante,* page 798.

[11]The People filed a "Sentencing Memorandum and Statement in Aggravation" on August 1. There is no reference in the People's memorandum to the probation report or to whether they had received it before their memorandum was filed. There is nothing in the record to contradict the statement by defense counsel, made at the sentencing hearing, that he had just received the report. The date of filing of the report is not determinative as the statute requires that the probation report be stamped "Filed" on the day of the sentencing hearing irrespective of when it is received. (§ 1203, subd. (b)(2)(D).)

consider and respond to the 42-page report. The court denied the request and proceeded to sentence defendant.

The crimes of which Hagemann was convicted are either crimes for which he is presumptively ineligible for probation or crimes for which he is eligible for probation.[12] He was not convicted of any crime for which the Legislature precluded a grant of probation under any circumstances. The fact that Hagemann was technically eligible for probation on each count invokes the requirement of section 1203, subdivision (b)(1) that a probation report be prepared. Only when a defendant is statutorily ineligible for probation on all counts may a court not order the preparation of such a report. (*People v. Middleton* (1997) 52 Cal.App.4th 19, 35 [60 Cal.Rptr.2d 366].)

The sentencing procedure followed by the trial court was in error. Section 1203, subdivision (b)(2)(D) provides: "The report shall be made available to the court and the prosecuting and defense attorneys at least five days, or upon request of the defendant or prosecuting attorney, nine days prior to the time fixed by the court for the hearing and determination of the report, and shall be filed with the clerk of the court as a record in the case at the time of the hearing. The time within which the report shall be made available and filed may be waived by written stipulation of the prosecuting and defense attorneys that is filed with the court or an oral stipulation in open court that is made and entered upon the minutes of the court." Subdivision (b)(3) of section 1203 requires the court to consider the report at the sentencing hearing and make a statement on the record that it has done so.

When a probation report has not been timely received and the defense has made a specific objection and requested a continuance, the failure to follow the requirements of the Penal Code has been held to constitute a denial of due process requiring remand for resentencing. (*People v. Leffel* (1987) 196

---

[12]For example, Hagemann is presumptively ineligible for probation for his conviction of the following charges: rape by use of drugs (§ 261, subd. (a)(3)); rape of an unconscious victim (§ 261, subd. (a)(4)); sodomy of an unconscious victim (§ 286, subd. (f)); sodomy of a person prevented from resisting by use of a drug (§ 286, subd. (i)); sexual penetration/victim unable to resist (§ 289, subd. (e)); sexual penetration/unconscious victim (§ 289, subd. (d)); sodomy of victim prevented from resisting (§ 286, subd. (i)); and sodomy of an unconscious victim (§ 286, subd. (f)). By statute, Hagemann is eligible for probation on his conviction for poisoning (§ 347, subd. (a)).

While it is not necessary to our decision, we note that, if a defendant is convicted of offenses for which he or she is statutorily ineligible for probation and is also convicted of offenses for which he or she is statutorily eligible (whether presumptively ineligible or not), a probation report must be prepared on the charges for which eligibility is not statutorily precluded and, in the discretion of the trial court, may be prepared on the charges for which the defendant is statutorily ineligible. (See § 1203, subd. (g) ["The judge, in his or her discretion may direct the probation officer to investigate all facts relevant to the sentencing of the person."].)

Cal.App.3d 1310, 1318-1319 [242 Cal.Rptr. 456]; see *People v. Middleton* (1997) 52 Cal.App.4th 19, 35-36 [60 Cal.Rptr.2d 366] [due process violation established when defendant is statutorily ineligible for probation only if the probation report was received untimely and actual prejudice is demonstrated].)

As the court stated in *People v. Leffel, supra,* 196 Cal.App.3d 1310: "Although both parties argue the prejudice or lack thereof in the instant case, the possibilities for prejudice are clear and the actual prejudice suffered is a matter of conjecture. [¶] What the defendant might have been able to object to or to add further to the report cannot be determined because he was not afforded the proper opportunity to comprehend, analyze, investigate and evaluate the report. It is clear that the Legislature intended that he be given this opportunity." (*Id.* at p. 1318.)

Even though the defendant was presumptively ineligible for probation on most of the counts of which he was convicted, his counsel was entitled by statute to the five-day continuance which he unequivocally requested, however unlikely it was that he would be able to convince the court that probation should be granted. As discussed above, the Legislature has not sanctioned sentencings without probation reports except in those situations in which a defendant is wholly ineligible.

The failure to grant the requested continuance rendered the sentencing fundamentally unfair. The defendant is entitled to a remand for resentencing.[13]

> b. *Sentencing under section 667.6, subdivision (c).*

■ Hagemann contends that the trial court improperly sentenced him under section 667.6, subdivision (c), arguing that he could not be sentenced under that section because he had not previously been convicted of a crime enumerated in that section.

A very similar contention, made with respect to section 667.6, subdivision (d), was rejected by Division Four of this court in *In re Rodney* (1999) 73 Cal.App.4th 36 [85 Cal.Rptr.2d 785], in a decision which we find persuasive and applicable to the instant case because of the congruity of the legislative change made in the two similar sections at the same time and for the same stated purpose.

---

[13]Whether on remand the defendant is entitled to an updated probation report should be determined under principles articulated in *People v. Tatlis* (1991) 230 Cal.App.3d 1266 [282 Cal.Rptr. 55]; see also *People v. Bullock* (1994) 26 Cal.App.4th 985 [31 Cal.Rptr.2d 850]; but see *People v. Leffel, supra,* 196 Cal.App.3d at page 1319.

Section 667.6, subdivision (c) provides in part: "[A] full, separate, and consecutive term may be imposed for each violation of Section 220,[14] *other than an assault with intent to commit mayhem, provided that the person has been convicted previously of violating Section 220 for an offense other than an assault with intent to commit mayhem,* paragraph (2), (6), (3), or (7) of subdivision (a) of Section 261, paragraph (1), (4), or (5) of subdivision (a) of Section 262, Section 264.1, subdivision (b) of Section 288, Section 288.5 or subdivision (a) of Section 289, of committing sodomy in violation of subdivision (k) of Section 286, of committing oral copulation in violation of subdivision (k) of Section 288a, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person whether or not the crimes were committed during a single transaction." (Italics added.)

In 1988 the Legislature amended both subdivisions (c) and (d) of section 667.6 to add the italicized language. (Historical and Statutory Notes, 49 West's Ann. Pen. Code (1999 ed.) foll. § 667.6, p. 566.) Prior to this amendment, subdivision (c) provided: "(c) In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person whether or not the crimes were committed during a single transaction. If the term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time the person would otherwise have been released from imprisonment. The term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person would otherwise have been released from prison."

As Division Four noted in *In re Rodney, supra,* 73 Cal.App.4th at page 39, "The Legislature amended section 667.6, subdivisions (c) and (d) because it was concerned that a defendant convicted of assault with the intent to commit a sexual offense could not be sentenced under section 667.6."[15] The report of the Senate Committee on the Judiciary describes the reason for the

---

[14]Section 220 provides: "Every person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288 or 289 is punishable by imprisonment in the state prison for two, four, or six years."

[15]We take judicial notice of the legislative history of Assembly Bill No. 4284 which resulted in the 1988 amendment to section 667.6. (See Evid. Code, § 451, subd. (c).)

amendment as follows: " 'This bill would include in the enumerated list of sex offenses in which a full, separate, and consecutive term may or shall be imposed, certain assaults which were committed with the intent to commit specified sex offenses. [¶] The purpose of this bill is to increase the maximum sentence for specified sexual offenses.' (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 4284 (1987-1988 Reg. Sess.).) The same purpose is reiterated by the Assembly Committee on Public Safety: 'According to the author's staff, the purpose of AB 4284 is to allow the imposition of full consecutive terms for assault with intent to commit a sexual offense. Many assaults with intent to commit a sexual offense would have been a rape or other offense had the victim not fought the assailant. Existing law does not allow full consecutive terms in these assault cases, thus penalizing a victim who fights back. This bill would cure this inequity by allowing full consecutive terms in these cases.' (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 4284 (1987-1988 Reg. Sess.).) The legislative analyst explained: '[T]his bill expands the number of criminal offenses for which full consecutive prison terms may be imposed.' (Analysis of Assem. Bill No. 4284 (1987-1988 Reg. Sess.), italics omitted.)" (*In re Rodney, supra*, 73 Cal.App.4th at pp. 39-40.)

We agree with Division Four that effectuating the intent of the Legislature (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 681 [183 Cal.Rptr. 520, 646 P.2d 191]; *People v. Hull* (1991) 1 Cal.4th 266, 271 [2 Cal.Rptr.2d 526, 820 P.2d 1036]) requires that we construe the 1988 amendment to include a violation of section 220 within the ambit of the section 667.6 sentencing scheme, not to require a conviction under section 220 as a prerequisite to application of that scheme. The clear intent of the Legislature was to expand, not limit, the application of section 667.6. Application of section 667.6 was not contingent on a prior conviction under any statute before its amendment in 1988. It would conflict with the clear intent of the Legislature to impose such a requirement when the stated purpose was to expand the scope of the statute. "The phrase 'provided that the person has been convicted previously of violating Section 220' modifies its antecedent 'each violation of Section 220, other than an assault with intent to commit mayhem, . . .' It does not modify the subsequent enumerated offenses. A defendant whose current conviction is for violation of section 220 may be sentenced under section 667.6, subdivision (d) only if he suffered a prior conviction under section 220." (*In re Rodney, supra*, 73 Cal.App.4th at p. 40.) However, if a defendant is convicted of an offense enumerated in section 667.6, subdivision (c) other than a violation of section 220, the defendant need not have suffered a prior conviction. (*In re Rodney, supra*, 73 Cal.App.4th at p. 40.)

Subdivisions (c) and (d) of section 667.6 are substantially similar insofar as this 1988 amendment is concerned. Because of the contemporaneous

enactment of the same amendment to two sections with similar purposes, we reach the same conclusion with respect to interpretation of subdivision (c) as did Division Four with respect to subdivision (d): the language added in 1988 does not restrict application of the statute as Hagemann contends. For the foregoing reasons, Hagemann's claim of sentencing error lacks merit.

4.-10.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgments of conviction are affirmed. As to appellant Hagemann only, the matter is remanded to the trial court for resentencing.

Boren, P. J., and Nott, J., concurred.

Appellants' petition for review by the Supreme Court was denied November 21, 2000.

---

*See footnote, *ante*, page 798.