[No. E003820. Fourth Dist., Div. Two. Sept. 27, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD C. JOHNSON, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Part 1 is not published; it does not meet the standards for publication contained in rule 976.1, California Rules of Court.

**COUNSEL**

Frank Offen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Pat Zaharopoulos and Robert P. Whitlock, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HEWS, J.**—A jury convicted Ronald Johnson of possessing cocaine and Diazepam for sale (Health & Saf. Code, §§ 11351, 11378). He was sentenced to prison and appeals, claiming the trial court erroneously denied his Penal Code section 1538.5 motion and improperly sentenced. We reject his first contention, but agree in part with his second and therefore remand for resentencing.

### FACTS

Johnson dealt cocaine and other controlled substances in the Palm Springs area. One night, he was shot by his female roommate's estranged husband, who then forcibly kidnapped the woman. Police officers responded to his home and while searching it for evidence of the shooting and kidnapping, discovered evidence of drug dealing. A more comprehensive search pursuant to a warrant then obtained revealed more evidence of the crimes.

1. *Motion to Suppress* \*

. . . . . . . . . . . . . . . . . . . . . . . .

2. *Sentencing*

In denying probation and sentencing Johnson to the midterm for possessing cocaine for sale and a consecutive term for possessing Diazepam, the court said to Johnson: "I . . . [,] in having heard the evidence[,] believe you were a big-time dealer in the Palm Springs area. You're a big-time street dealer. I think under these circumstances, probation should certainly be denied. . . . I really—other than the fact that you've not been in trouble before, I think you're too sophisticated to have gotten caught before. I do think these activities have been going on for some time, and I think the evidence supports that theory. So I'm going to sentence you—and incidentally, you are here as a privilege, being a citizen of another country. And yet, you abused that privilege, and seriously abused it. So it will be the judgment and order of this Court, and like I say, the only mitigating circumstances is your lack of prior conviction, but there are the aggravating circumstances which certainly outweigh the mitigating circumstances just by the very nature of the crime. The fact that you are a heavy dealer. You

---

\* See footnote, *ante,* page 755.

were spreading cocaine throughout the Palm Springs area. And you abused the privilege of this country."

██ Johnson claims the foregoing shows the sentencing court improperly relied upon his alienage in imposing the midterm. ██ ██ We agree that a defendant's alienage is not a proper factor when considering the length of his term, although it may well be when deciding upon probation, particularly if it indicates his ties to the community are tenuous. We are somewhat confused by the court's conclusion that "the aggravating circumstances . . . certainly outweigh the mitigating circumstances," and its imposition of the *middle,* rather than the *upper* term, without further elaboration. We also must agree with Johnson that the court failed to separately state a reason or reasons for the imposition of a consecutive term on the Diazepam possession count. For these reasons, we must remand the matter for resentencing, at which Johnson's alienage should not be relied upon in fixing his term, and a statement of reasons for imposition of the consecutive term should be given.

██ We, however, do not agree that the court's reliance upon the extent of Johnson's drug-dealing activities was improper or unsupported by the facts. Although Johnson claims in this regard that the court relied solely upon hearsay statements by the prosecutor and police officers that Johnson was a "big time dealer," the probation officer himself stated in his report that many items seized from Johnson's residence and car indicated ongoing large-scale drug trafficking activity.[11] The court agreed, as indicated above, and the evidence presented at trial fully supported this conclusion. We also reject Johnson's contention, set forth in his reply brief, that the court "ignored" what he denotes as certain "mitigating factors," i.e., his willingness to abide by the terms of probation, his age, education and employment history and prospects. We have read both the transcript of the sentencing hearing and Johnson's moving papers relating to the probation report and find nowhere in either any statement by Johnson or his counsel that he was willing to abide by the terms of probation. The remaining factors were addressed in the probation report and/or defense counsel's statement to the court during the sentencing hearing. It is presumed the court *considered* them (Cal. Rules of Court, rule 409), which is all that it is required to do. Apparently, the court rejected them as mitigating circumstances, which was within its province.

---

[11] Although defense counsel objected to, as unfounded, a number of statements in the probation report, he made no objection whatsoever to this.

## Disposition

The judgment is affirmed. The matter is remanded for resentencing in accordance with the principles expressed in this opinion.

McDaniel, Acting P. J., and Schulte, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied December 21, 1988.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.