Filed 6/18/15  P. v. Knight CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DARRYL LEON KNIGHT, JR.<br><br>        Defendant and Appellant. | A142087<br><br>(Contra Costa County<br>  Super. Ct. No. 41636299) |

This is an appeal from judgment after the trial court revoked the probation of appellant Darryl Leon Knight, Jr., and sentenced him to the middle term of six years in state prison.  Appellant had been placed on probation as part of a negotiated disposition after pleading no contest to one count of a lewd act against a child under the age of 14.  Appellant challenges his sentence as an abuse of the trial court's discretion.  Appellant also challenges the trial court's failure to obtain and consider a probation report and supplemental probation report prior to sentencing.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2009, a felony complaint was filed charging appellant with committing a lewd act upon Jane Doe, a child under the age of 14 (Pen. Code, § 288, subd. (a)), with a substantial sexual conduct probation ineligibility clause included (*id*., § 1203.066, subd. (a)(8)).[1]

---

[1]     Unless otherwise stated, all statutory citations herein are to the Penal Code.

On June 30, 2010, appellant entered a plea of no contest to one count of a lewd act upon a child under age 14.[2] (§ 288, subd. (a).) As part of this negotiated plea, the probation ineligibility enhancement was dismissed. Appellant was then placed on formal probation for five years and, among other things, ordered to report to the probation department and to register as a sex offender for the remainder of his lifetime.

A bail report prepared by the probation department and dated March 8, 2010, described the circumstances of appellant's offense as follows:

"On October 3, 2009, at approximately 4:15 a.m., a Pittsburg Police Officer responded to 13 year-old Jane Doe's residence, where her mother caught her and the 21 year-old defendant having sexual intercourse.

"When police arrived, Jane Doe's mother had her pinned on the floor, slapping her head and face. When the two were separated, police learned that Jane Doe has known the defendant for approximately six months and he frequents the residence with a group [of] Jane Doe's friends. When Jane Doe's mother left the residence to go out the previous evening, she made all of Jane Doe's friends leave her home, including the defendant. "When Jane Doe's mother returned at approximately 4:00 a.m., she found the defendant on top of Jane Doe having sex with her from the rear. When he jumped up, Jane Doe's mother saw that he was wearing a condom and he pushed past her to exit the front door when she told him the police were coming.

"Jane Doe admitted asking the defendant to have sex with her and her mother took her [for] a SART exam. Police were unable to locate the defendant.

"On November 10, 2009, police located the defendant at his home and he voluntarily responded to the police station. He admitted having sex with Jane Doe at her request, despite knowing her age."

Appellant subsequently failed several times to comply with the terms of his probation. Between August 24, 2011 and December 23, 2013, five petitions to revoke probation were filed in his case. For the first four of these petitions, appellant admitted

---

[2]    The parties stipulated to a factual basis for the plea based upon the police reports.

the violations and his probation was reinstated.  However, appellant contested the fifth such petition, filed December 23, 2013,[3] which alleged failure to register as a sex offender, failure to enroll in mandatory sex offender programs, and failure to maintain contact with the probation department.

A contested hearing began May 2, 2014.  After evidence was presented and argument heard, the trial court found appellant in violation of the terms of his probation.[4]  The court then continued the matter for sentencing.  After a subsequent contested hearing on May 8, 2014, the court revoked appellant's probation and sentenced him to the middle term of six years in prison, followed by an appropriate period of parole.  In doing so, the court rejected defense counsel's argument for a suspended or lower-term sentence.  This appeal followed.

## DISCUSSION

Appellant raises the following arguments on appeal.  Appellant's primary contention is that the trial court misapplied both the law and facts when sentencing him to the middle term of six years in prison.  In addition, appellant raises the related argument that the trial court erred by sentencing him without first obtaining and considering a probation report and supplemental probation report in accordance with section 1203, subdivision (b).  We address each issue in turn below.

## I.   Sentencing Appellant to the Middle Term.

Appellant contends the trial court abused its discretion when sentencing him to the six-year middle term after revoking his probation.  Accordingly, appellant calls upon this

---

[3]   A supplemental petition was filed on February 25, 2014.

[4]   Detective Harmon testified that appellant had failed to register as a sex offender, even after appellant had admitted to him being aware of the registration requirement.  Appellant's probation officer, in turn, testified that appellant had never met with a probation officer during the entire period of his probation.  Appellant also testified, and acknowledged these failures.  Appellant explained that, when he made efforts to register, he was told to provide an address.  However, because appellant was homeless at the time, he could not do so.

3

court to reverse the trial court's judgment and remand his case for resentencing. The following legal and factual background is relevant.

At the sentencing hearing, the trial court first stated its intent to revoke probation and order appellant to serve time in prison. After hearing further argument, the trial court ultimately decided upon the middle term, concluding that mitigating and aggravating factors were of equal weight and, thus, effectively cancelled each other out:

"As I read the statute the Court is required to impose the mid term, unless there are mitigating factors present or aggravating factors that the Court believe controls.

"The defendant argues in mitigation that he was – that the victim was an initiator of and a willing participant in the crime that he committed. That's a reference to [California Rules of Court,] rule 4.423, subsection (a) subsection (2).

"In response to that the prosecutor has said that minors are not capable of being initiators of or willing participants in an incident of this nature. And I believe that that is true, as far as the underlying crime is concerned. However, for the factors relating to the circumstances in mitigation I found no authority that held that a minor, even one 13 years of age, is not capable of being an initiator of or willing participant in the incident for the purposes solely of mitigation. And so I think the defense might be correct that that might be, if that is how one interprets the eligibility for a minor to trigger that provision, then that may be a factor that is in mitigation.

"There are no other factors that I could find that could possibly relate to this defendant's crime in mitigation.

"On the other hand in aggravation. It is clear that the defendant did take advantage of the position of trust that he was left in charge of, basically babysitting, this minor. And there is also no doubt that given the minor's age she was particularly vulnerable. And so there are two aggravating factors that are possibly triggered by an analysis of mitigating and aggravating factors that are required to be analyzed by the Court.

4

"On balance to me both the possible mitigating and possible aggravating factors are offsetting. And as I understand the law the default position is the mid term, in this case six years, and that is the sentence that the defendant will be sentenced to."

Appellant contends the trial court's statement of reasons reflects a misunderstanding of the governing law. Specifically, appellant contends the trial court applied the former law, requiring imposition of the middle term unless "the balance of aggravating or mitigating factors cited in support of [imposition of the upper or lower term] 'weighs' against imposition of the middle term" (*People v. Scott* (1994) 9 Cal.4th 331, 350), rather than the current law, providing in relevant part that the court "shall select the term which, in the court's discretion, best serves the interests of justice" and "shall set forth on the record the reasons for imposing the term selected . . . ." (§ 1170, subd. (b).) In addition, appellant contends the two aggravating factors relied upon by the trial court when imposing the middle term – to wit, appellant's position of trust and the victim's particular vulnerability – lacked the support of substantial evidence.

We address these contentions below. However, before doing so, a preliminary matter deserves our attention: Appellant's acknowledged failure to raise objections to the sentencing order at trial on the same grounds raised here. California Supreme Court authority holds that, under these circumstances, an appellant forfeits the right to challenge the trial court's sentencing decision on appeal.[5] (*People v. Scott, supra,* 9 Cal.4th at

---

[5] As the California Supreme Court has explained, "the purpose for requiring the court to orally announce its reasons at sentencing is clear. The requirement encourages the careful exercise of discretion and decreases the risk of error. In the event ambiguities, errors, or omissions appear in the court's reasoning, the parties can seek an immediate clarification or change. The statement of reasons also supplies the reviewing court with information needed to assess the merits of any sentencing claim and the prejudicial effect of any error." (*People v. Scott, supra,* 9 Cal.4th at p. 351.) And while "the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention. As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (*Id*. at p. 353.)

p. 351 [claims required to be brought to the trial court's attention at the time of sentencing to avoid forfeiture include those involving the court's failure to properly make or articulate its discretionary sentencing choices]; see also *People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 725 [criminal defendant cannot argue for the first time on appeal that the court erred by imposing an aggravated sentence based on erroneous or otherwise flawed information in a probation report].)

Even were we to excuse appellant's forfeiture, however, we would nonetheless reject his challenge on the merits. As appellant acknowledges, trial courts have wide discretion in weighing aggravating and mitigating factors, and their exercise of discretion will be disturbed on appeal only if it has been abused. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) "As under the former [statutory] scheme, a trial court will abuse its discretion under the amended scheme if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision. (See, e.g., *People v. Colds* (1981) 125 Cal.App.3d 860, 863 [178 Cal.Rptr. 430] [it is improper to consider a waiver of jury trial in mitigation, or an exercise of the right to jury trial as aggravation]; *People v. Johnson* (1988) 205 Cal.App.3d 755, 758 [252 Cal.Rptr. 302] ['defendant's alienage is not a proper factor when considering the length of his term'].) A failure to exercise discretion also may constitute an abuse of discretion." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847-848.)

In reviewing the court's exercise of discretion, we must also keep in mind that just one valid aggravating factor will justify imposition of an upper term. (*People v. Black* (2007) 41 Cal.4th 799, 815 (*Black*).) Further, the "court's discretion to identify aggravating circumstances is otherwise limited only by the requirement that they be 'reasonably related to the decision being made.' (Cal. Rules of Court, rule 4.408(a).)" (*People v. Sandoval, supra,* 41 Cal.4th at p. 848 [fn. omitted].) In determining " 'whether there are circumstances that justify imposition of the upper or lower term,' " the trial court may consider, among other things, "the record of the trial, the probation officer's report, and statements submitted by the defendant, the prosecutor, and the victim or victim's family. (§ 1170, subd. (b).)" (*People v. Sandoval, supra,* 41 Cal.4th at p. 848.)

6

Here, while insisting the trial court misapplied the governing law, appellant makes no claim that the court relied upon any circumstance not relevant to sentencing or that otherwise constituted an improper basis for a sentencing decision.[6] Nor does he claim the trial court wholly failed to exercise its discretion. (*People v. Sandoval, supra,* 41 Cal.4th at pp. 847-848.) Instead, appellant argues the court's exercise of discretion was hampered by its mistaken belief that it was "required to impose the mid term unless there are mitigating factors present or aggravating factors that the Court believe controls." As appellant points out, the current statutory scheme contains no such requirement.

However, while we agree the trial court's statement, quoted above, is not accurate when considered in isolation, we nonetheless decline to reverse its sentencing decision on the basis of legal error. To the contrary, the trial court's analysis, when considered as a whole, is indeed consistent with the current statutory scheme. In particular, when exercising its discretion to sentence appellant, the trial court clearly recognized the need to consider the particular facts relating to appellant and his offense that existed when the decision to grant him probation was made, rather than any fact or facts arising thereafter. (See Cal. Rules of Court, rule 4.435(b)(1).) The court also appears to have recognized the need to be guided by the criteria listed in California Rules of Court rules 4.421 (aggravating circumstances), and 4.423 (mitigating circumstances), as well as any "additional criteria reasonably related to the decision being made," as provided in rule 4.408(a). Nothing more was required in this case. (See *People v. Sandoval, supra*, 41Cal.4th at p. 847 ["The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest' "].) Otherwise stated, we find no basis on this record to disregard the general presumption that a trial court knows and follows the applicable law.

---

[6] As discussed below, appellant claims the trial court's particular-vulnerability finding was erroneously based solely on the victim's age, an improper dual use of this fact. Appellant does not claim, however, that particular vulnerability can never be a proper basis for imposing a greater sentence.

(*People v. Montano* (1992) 6 Cal.App.4th 118, 122 ["It is presumed in both civil and criminal proceedings that the trial court properly followed established law absent evidence to the contrary"].)

Turning now to appellant's fact-based challenge, we review the record for substantial evidence supporting the aggravating factors relied upon by the trial court to support its sentencing decision. "Under the DSL, a trial court is free to base an upper term sentence upon any aggravating circumstance that the court deems significant, subject to specific prohibitions. (See, e.g., Cal. Rules of Court, rule 4.420(c) [fact underlying an enhancement may not be used to impose the upper term unless the court strikes the enhancement]; *id*., rule 4.420(d) [fact that is an element of the crime may not be used to impose the upper term]." (*People v. Sandoval, supra*, 41 Cal.4th at p. 848; see also *People v. Brown* (2000) 83 Cal.App.4th 1037, 1043 ["a single factor in aggravation is sufficient to justify a sentencing choice"].)

Here, the trial court relied upon two aggravating factors to justify imposition of the *middle* term – to wit, the victim's particular vulnerability and appellant's abuse of a position of trust. With respect to the court's "particular vulnerability" finding, this phrase has been defined in the case law as "vulnerability that is '. . . [of] a special or unusual degree, to an extent greater than in other cases.' [Citation.] It is proper to focus upon the total milieu in which the commission of the crime occurred in assessing vulnerability pursuant to Rule 421. [Citation.] Both the personal characteristics of the victim and the setting of the crime may be considered." (*People v. Price* (1984) 151 Cal.App.3d 803, 814.)

In applying this definition, we agree with appellant "that aggravating a sentence due to 'particular vulnerability,' where vulnerability is based *solely* on age, is improper when age is an element of the offense." (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1693-1694, overruled on other grounds in *People v. Hammon* (1997) 15 Cal.4th 1117, 1123.) However, where, as here, the victim's age is simply one factor among many that, when considered collectively, enhance the victim's vulnerability at the time of the crime, the trial court may properly consider it to choose an appropriate sentence. (See *id*.) For

example, in our case, the victim was a young girl, victimized at 4:00 a.m. while she was alone at her house and her mother was out for the evening, by appellant, a man eight years older, who had wholly disregarded the victim's mother's instruction, several hours earlier, to leave the house. Under the totality of these circumstances, the trial court had a proper basis for finding that the victim in this case was particularly vulnerable at the time of appellant's offense. (See *People v. Price, supra,* 151 Cal.App.3d at p. 814.)

Appellant also challenges the trial court's finding that he took advantage of a position of trust or confidence to commit the offense. As appellant points out, he was not a parent, relative, or babysitter of the victim, or in any other apparent special relationship with her. As appellant notes, the existence of this aggravating factor depends on the defendant's "special status" vis-a-vis the victim. (*People v. Franklin* (1994) 25 Cal.App.4th 328, 338.) In this case, the victim's mother at no point asked or otherwise trusted him to be alone with her. To the contrary, the mother directed him to leave their house on the night in question. As such, appellant questions the soundness of the trial court's statement at the sentencing hearing that, "he was left in charge of, basically babysitting, this minor."

The People counter that there is evidence appellant had cultivated a friendship with the young victim, and thereby earned repeated entry into her home with other friends, and then took advantage of her trust to later gain entry into her home by himself. Appellant, however, points out there is little in the record regarding appellant's purported friendship with the victim aside from the fact that they had known each other for about six months and appellant had visited her home a few times in the presence of others. We tend to agree with appellant that the evidence on this issue is bare. However, for reasons that will become clear, we need not prolong our consideration of this factor.

First, as the People point out, there is another aggravating factor justifying the trial court's refusal to impose the lower term, which the prosecutor noted in argument: Appellant's lewd act was, undisputedly, full sexual intercourse with the 13-year-old victim. (See Cal. Rules of Court, rule 4.421(a)(1) ["The crime involved . . . other acts disclosing a high degree of . . . callousness"].) While appellant disputes that the trial

9

court considered or applied this fact, the law is well settled that when a trial court has stated that it reviewed and relied upon certain documents that address relevant mitigating factors (including, in this case, the probation department's bail study), the trial court is deemed to have considered all such factors even if it does not mention them on the record.[7] (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1318, overruled on another ground in *People v. Cook* (2015) 60 Cal.4th 922. See also *People v. Sandoval, supra*, 41Cal.4th at p. 847 ["Under the amended scheme, a statement of reasons is required even if the middle term is imposed. (See § 1170, subd. (b), as amended by Stats. 2007, ch. 3, § 2.) The reasons, however, no longer must 'include a concise statement of the ultimate facts that the court deemed to constitute circumstances in aggravation or mitigation' "].)

Secondly, and even more significant to this case, as stated above, even a single appropriate factor is sufficient to support an aggravated term. (*People v. Williams* (1991) 228 Cal.App.3d 146, 153.) Here, as discussed above, we have sufficient evidence of at least one (if not two) aggravating factor – the victim's particular vulnerability – to support the court's imposition of the *middle* term. Thus, even assuming for the sake of argument that the trial court erred when articulating its justifications for imposing the middle term, any such error must be deemed harmless in this case.[8] (E.g., *People v. Dancer, supra*, 45 Cal.App.4th at p. 1695.)

---

[7]    We further point out that when, after the trial court announced the sentence, defense counsel asked to add to the record on mitigating factors to emphasize that appellant had no prior record and that his crime did not involve harm or threats, the court confirmed: "If I didn't say it, I certainly did take that into account." The court also stated that it had considered the fact that the victim was a willing participant.

[8]    Appellant's ineffective assistance of counsel argument fails for the same reason – to wit, he cannot establish that, but for his counsel's failure to object to the court's sentencing decisions, he would have achieved a more favorable result. (*People v. Dancer, supra*, 45 Cal.App.4th at p. 1695, fn. 11.) Since any objection to the trial court's sentencing decision would have lacked merit, we conclude trial counsel cannot be deemed ineffective for failing to make such objection.

## II.     Failure to Order and Consider Probation Reports Prior to Sentencing.

Finally, we address the trial court's failure to order or consider a probation report or supplemental probation report in advance of sentencing.  As appellant notes, section 1203, subdivision (b)(1), requires preparation of sentencing reports and supplemental sentencing reports by the probation department to guide the court's sentencing decisions.[9] In addition, section 1203, subdivision (b)(4), states in relevant part that "preparation of the report or the consideration of the report by the court may be waived only by a written stipulation of the prosecuting and defense attorneys that is filed with the court or an oral stipulation in open court that is made and entered upon the minutes of the court, except that a waiver shall not be allowed unless the court consents thereto."

Here, the record reflects that, at the May 2, 2014 hearing, the trial court, at least twice, requested a copy of the sentencing report, stating:  "I don't feel comfortable making a selection without looking at the sentencing report."  Defense counsel, however, responded: "I don't think that there would be a sentencing report if this was a [section] 1192.5 disposition, and the case did not go to trial."  The prosecutor, in turn, offered to get the trial court the police reports, as well as the bail study prepared by the probation department in anticipation of appellant's negotiated disposition.  The court confirmed, "I would like to see [the bail study].  I think what we'll do right now is I would take a break, and I would like to read that before making a decision, because I think reading that is the missing part that I have.  So I don't think that I can make a proper decision without reading [the bail study]."  Accordingly, the proceedings were adjourned until the following week.

When the hearing continued on May 8, 2014, the court permitted further argument by both counsel with respect to information in both the police report and bail study before

---

[9]     Section 1203, subdivision (b)(1), provides:  "Except as provided in subdivision (j), if a person is convicted of a felony and is eligible for probation, before judgment is pronounced, the court shall immediately refer the matter to a probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the crime and the prior history and record of the person, which may be considered either in aggravation or mitigation of the punishment."

11

announcing its decision to impose the six-year sentence. While defense counsel then asked to make a further record about the factors in mitigation, counsel did not raise any objection with respect to the absence of a sentencing report.

Based on the record set forth above, it appears defense counsel invited the court's error in failing to comply with the requirements of section 1203, subdivision (b), by telling the court, "I don't think that there would be a sentencing report if this was a [section] 1192.5 disposition, and the case did not go to trial."[10] In any event, for all the reasons we have already set forth, any error on this ground must be deemed harmless given that the trial court's sentencing decision, based on relevant information set forth in the police record and probation department's bail study, was within the broad scope of its discretion. In addition, we point out that appellant does not challenge the court's threshold decision to revoke his probation, which was based on the undisputed record of his numerous probation violations. Nor does he suggest there are any specific undisclosed facts that, if presented at the hearing, might have swayed the court toward leniency.[11] Simply put, under the given circumstances, there is no reasonable probability of a result more favorable to appellant but for the court's error. (See *People v. Dobbins* (2005) 127 Cal.App.4th 176, 182 ["Because the alleged error [in failing to obtain and consider a probation report] implicates only California statutory law, review is governed by the *Watson* harmless error standard"].)[12] Accordingly, the trial court's decision is affirmed.

---

[10] Appellant does not challenge his trial counsel's conduct on this issue as ineffective assistance of counsel.

[11] While appellant notes that sentencing reports typically contain information regarding the defendant's family background, in this case, his sister testified at the hearing and spoke at length about their family background, including the fact that neither parent lived in the area or had means to support or assist their children.

[12] We have read and considered appellant's supplemental letter brief, in which he argues that, given his eligibility for probation, the trial court's failure to obtain and consider a probation report should be deemed reversible error absent facts demonstrating the result would have been the same had the report been prepared. Having read the relevant case law, and in light of the relevant facts set forth above, we decline to apply

12

**DISPOSITION**

The judgment is affirmed.

_____
Jenkins, J.

We concur:


_____
McGuiness, P. J.


_____
Pollak, J.

---

this proposed standard. (Cf. *People v. Bohannon* (2000) 82 Cal.App.4th 798, 808-809, disapproved on another ground in *Pepole v. Zambrano* (2007) 41 Cal.4th 1082, 1135, fn. 13, ["When a probation report has not been timely received and *the defense has made a specific objection and requested a continuance*, the failure to follow the requirements of the Penal Code has been held to constitute a denial of due process requiring remand for resentencing. (*People v. Leffel* (1987) 196 Cal.App.3d 1310, 1318-1319 [242 Cal.Rptr. 456]; see *People v. Middleton* (1997) 52 Cal.App.4th 19, 35-36 [60 Cal. Rptr.2d 366] [due process violation established when defendant is statutorily ineligible for probation only if the probation report was received untimely and actual prejudice is demonstrated].)"]  [Italics added].)