Filed 9/8/22  P. v. Robinson CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LARRY WAYNE ROBINSON,<br><br>Defendant and Appellant. | F082433<br><br>(Super. Ct. No. PCF385431)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Tia M. Coronado, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**SEE CONCURRING AND DISSENTING OPINION**

## INTRODUCTION

In November 2019, defendant Larry Wayne Robinson pled no contest to a violation of Penal Code section 273.6, subdivision (d),[1] for which the court imposed a two-year split sentence: one year to be served in custody and the execution of the second year was suspended and ordered to be served on mandatory supervision. (§ 1170, subd. (h)(5)(A) [when imposing split sentence under § 1170, subd. (h)(1) or (h)(2), court shall suspend execution of concluding portion of term for a period selected at court's discretion].) Due, in part, to new crimes committed while defendant was serving on mandatory supervision, defendant's mandatory supervision was revoked. At a sentencing hearing on January 15, 2021, after defendant was convicted of new crimes, the court terminated defendant's mandatory supervision and ordered the suspended portion of defendant's sentence to be executed and served in the state prison.

On appeal, defendant argues the probation report the court relied on in pronouncing judgment was not available within the time required under section 1203d. Defendant claims his counsel requested to continue the sentencing hearing based on this untimely probation report, but that request was denied. Defendant asserts the denial of a continuance rendered his sentencing hearing fundamentally unfair because his counsel was unable to address matters contained in the probation report, including the circumstances in aggravation assessed in the report.

For the reasons stated below, we are unable to conclude on this record that the probation report was untimely pursuant to section 1203d. Under the circumstances presented, the trial court did not abuse its discretion in denying the request to continue the sentencing hearing and the denial did not render the sentencing hearing fundamentally unfair.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# BACKGROUND

In September 2019, defendant was charged with two felony counts of stalking (§ 646.9, subd. (b); counts 1 & 2); one misdemeanor count of contempt of court for violating a protective order issued pursuant to section 136.2 (§ 166, subd. (c)(1); count 3); one misdemeanor count of resisting or obstructing a peace officer (§ 148, subd. (a)(1); count 4); and one misdemeanor count of possessing drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)(1); count 5).

On November 18, 2019, count 1 was amended upon oral motion by the prosecution to allege a felony violation of section 273.6, subdivision (d): violation of a restraining order by violence or threat of violence. Defendant then pled no contest to amended count 1, which came with a maximum sentence of three years, but the indicated sentence was a two-year split sentence of one year in custody, one year on mandatory supervision under section 1170, subdivision (h). The remaining counts were to be dismissed at sentencing. The parties stipulated to the factual basis for the plea as contained in the police reports and defendant's prior conviction for violating a restraining order.

In December 2019, defendant was sentenced to a middle term of two years as a split sentence: one year in custody and one year on mandatory supervision. He was released from custody on February 29, 2020. As part of his mandatory supervision, defendant was obligated, among other things, to report to his probation officer within 72 hours of release from custody, participate in a 52-week batterer's treatment program, and comply with all federal, state and local laws.

According to a revocation petition filed on May 13, 2020, defendant failed to report to probation after he was released from custody on February 29, 2020, he did not enroll and participate in a batterer's treatment program, and he was arrested on May 12, 2020, on felony allegations of making criminal threats, and misdemeanor counts of violating a court order and possessing drug paraphernalia. Based on these allegations, the

3.

probation department filed a certificate and affidavit seeking the revocation of defendant's mandatory supervision.

The mandatory supervision revocation petition (Tulare Super. Ct. case No. PCF385431; Case 1) trailed the case related to the new offense allegations (Tulare Super. Ct. case No. PCF397760; Case 2). In Case 2, a jury ultimately found defendant guilty of three felony counts of making criminal threats under section 422 (counts 1, 3 & 4); two misdemeanor counts of violating a restraining order pursuant to section 166, subdivision (c)(1) (counts 2 & 5); misdemeanor resisting, obstructing or delaying a peace officer in violation of section 148, subdivision (a)(1) (count 6); and misdemeanor possession of drug paraphernalia in violation of Health and Safety Code section 11364, subdivision (a)(1) (count 7). In a bifurcated proceeding, the trial court found true beyond a reasonable doubt that defendant had a prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and multiple other prior felony convictions within the meaning of section 1203, subdivision (e)(4). Based on these new convictions, the court found defendant to be in violation of his mandatory supervision for failing to obey the law.

The trial court referred the matter to probation for a report and recommendation, and defendant was sentenced in both matters in January 2021. At the outset of the sentencing hearing, the trial court asked whether there was any legal cause why judgment should not be pronounced. Defense counsel indicated that while defendant had motions pending pursuant to *Romero*[2] and to reduce defendant's felony convictions to misdemeanors under section 17, there was no legal cause why judgment could not be pronounced.

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

4.

Upon denying defendant's motions under *Romero* and section 17, defense counsel asked whether the court was going to adopt the probation officer's recommendations. When the court indicated its plan to do so, the following exchange occurred:

"[DEFENSE COUNSEL]: I would ask in that case to give defense an opportunity to submit a motion requesting less time for a mitigation [*sic*] sentencing.

"THE COURT: I'm gonna proceed with the sentencing now. We've already continued it. You've submitted a number of arguments and papers on his behalf.

"[DEFENSE COUNSEL]: In response to that, we continued it last time because we also didn't have a probation report in time. Defense and prosecution just received the probation report this morning.

"THE COURT: If you want more time to address the factors in aggravation and mitigation, I'll hear from you further, but I'm not inclined to continue it out to file anything else. This report was filed on the 8th— [¶] . . . [¶]

"[DEFENSE COUNSEL]: That might be. It was not in eCourts, and I understand that that's not the way—it was only uploaded to eCourts after the fact of sentencing.

"So in that case, I think that some of the mitigating factors to this crime are the fact that . . . ."

After considering counsel's argument, the trial court balanced the mitigating and aggravating factors and imposed the following sentence: for the convictions in Case 2 (Tulare Super. Ct. case No. PCF397760), the trial court imposed the upper term of three years on count 1 (§§ 422, 1170, subd. (h)(1)), doubled to six years for the prior strike (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), plus an additional five years was imposed for the prior serious felony enhancement (§ 667, subd. (a)). On count 3, the trial court imposed eight months (one-third of the two-year middle term) doubled to 16 months for the prior strike (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)) to run consecutive to count 1. On count 4, the court imposed the upper term of three years, doubled to six years for the

5.

prior strike (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), to be served concurrent with count 1. No time was imposed on the misdemeanor counts 2, 5, 6, and 7. In Case 1 (Tulare Super. Ct. case No. PCF385431), defendant's mandatory supervision was terminated, and the suspension of the remaining period of the two-year middle-term sentence imposed in December 2019 was lifted and ordered to be served in the state prison, concurrent to the sentence imposed in Case 2.

Defendant appealed Case 1 and Case 2 separately. In this appeal, the sole issue is defendant's claim the probation report was untimely, and the court's refusal to grant a continuance of the sentencing hearing for that reason rendered the January 2021 sentencing fundamentally unfair.

## DISCUSSION

### I. No Abuse of Discretion Established Based on Denial of Continuance Request

#### A. Parties' Arguments

The parties dispute the basis for the requested continuance and whether the court's denial resulted in prejudicial fundamental unfairness in the sentencing. The People maintain the request to continue the sentencing was not predicated on an untimely provided probation report, it was to allow defense counsel time to file a statement in mitigation. The People assert the trial court did not abuse its discretion to deny that request because a statement in mitigation is due four days before the sentencing hearing, and it is not dependent on receipt of the probation report—especially since the probation report was not required to be available until two days before the sentencing hearing. Any request to continue based on an untimely probation report was not made and, thus, any error asserted on this basis was not preserved for appeal.

Defendant argues the colloquy between the court and defense counsel reflects the motion to continue was definitively based on the untimely receipt of the probation report, and the inability to prepare for sentencing rendered the hearing fundamentally unfair. Moreover, the statement in mitigation would surely have addressed any aggravating or

6.

mitigating factors identified in the probation report. Regardless that the probation report was not mandatorily provided under section 1203, the court's failure to allow a continuance for further preparation around the probation report rendered the sentencing fundamentally unfair.

B.  Standard of Review

Continuances in criminal cases may be granted only for good cause. (§ 1050, subd. (e).) The party challenging a ruling on a continuance bears the burden of establishing an abuse of discretion. (*People v. Beames* (2007) 40 Cal.4th 907, 920.) "Under this state law standard, discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered." (*Ibid.*) "A reviewing court considers the circumstances of each case and the reasons presented for the request to determine whether a trial court's denial of a continuance was so arbitrary as to deny due process." (*People v. Doolin* (2009) 45 Cal.4th 390, 450.) A trial court may not exercise its discretion over continuances in a manner that deprives defendants or their attorneys a reasonable opportunity to prepare. (*Ibid.*; see *People v. Snow* (2003) 30 Cal.4th 43, 70.) "Although a defendant is not entitled to the same procedural safeguards at a sentencing hearing as he is at trial, the procedures must be fundamentally fair." (*People v. Leffel* (1987) 196 Cal.App.3d 1310, 1318 (*Leffel*), overruled on another ground in *People v. Bullock* (1994) 26 Cal.App.4th 985, 987–989.)

Not every denial of a request for a continuance constitutes a due process violation, "even if the party seeking the continuance thereby fails to offer evidence." (*People v. Beames*, *supra*, 40 Cal.4th at p. 921.) "Although 'a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality[,] . . . [t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.' [Citation.] Instead, '[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " (*Ibid.*) "Absent a

7.

showing of an abuse of discretion and prejudice, the trial court's denial does not warrant reversal." (*People v. Doolin*, *supra*, 45 Cal.4th at p. 450.)

C.    Analysis

If a person is convicted of a felony and is eligible for probation, before judgment is pronounced, the court is required to refer the matter to probation for a report. (§ 1203, subd. (b)(1).) The parties agree defendant was not eligible for probation in the above captioned case, Case 1, after revocation of his mandatory supervision in light of his new convictions, which included a prior strike conviction allegation found true. However, even when a defendant is ineligible for probation and a probation report is not otherwise required, the court may refer a matter to the probation office for a report and recommendation. (§ 1203d.)

When, as here, the court has requested a probation report be prepared pursuant to section 1203.10, a copy of that report must be "made available" to the court, the prosecution, and the defendant or his or her attorney, at least two days prior to the time for the sentencing hearing. (§ 1203d.) The record does not affirmatively establish when the probation report was "made available" to counsel. The probation report is stamped "RECEIVED" by the superior court on January 8, 2021, seven days before the January 15, 2021 sentencing hearing.[3] When defense counsel noted she had not received the probation report until the morning of sentencing, the trial court pointed out the report had been received by the court the week prior to the sentencing. Counsel asserted the report was not located in eCourts, but then appeared to concede that it would not appear in that software until the fact of sentencing hearing in any event. There was no further

---

[3] A separate probation report was prepared for Case 2, which listed separate factors in mitigation and aggravation related to the crimes in that case. It is not part of the record on appeal in the above captioned appeal (case No. F082433), but it is part of the record on appeal in Case 1 (case No. F082378). We take judicial notice of the existence of that probation report and the fact it is stamped "RECEIVED" by the court on January 8, 2021. (Evid. Code, § 452, subd. (d).)

discussion between the court and counsel whether the probation report, despite that counsel had not received it until the day of sentencing, was nonetheless *available* to counsel at or near the time it was received by the court.

This is distinguishable from the facts in *Leffel*. There, defense counsel requested a continuance of the sentencing hearing on the ground he had not received the probation report required pursuant to section 1203 until the day prior to sentencing; while counsel had checked with the court clerk's office at 11:00 a.m. two days prior to sentencing, the report was not yet available at that time. (*Leffel*, *supra*, 196 Cal.App.3d at pp. 1314-1315.) The record in that case made clear the report was untimely because not only was counsel not in actual receipt of it until the day before the hearing, it was not *available* to counsel at the clerk's office in the required statutory time period. In the instant appeal, the record does not clearly establish the probation report was not available to counsel at least two days prior to the sentencing hearing as required under section 1203d, and an error in this regard may not be presumed.[4] (See *People v. Davis* (1996) 50 Cal.App.4th 168, 172 ["trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record"].)

Nevertheless, even assuming the probation report was not made available to counsel until the day of sentencing, under the circumstances presented here we are unable to conclude the trial court abused its discretion in denying the motion for a continuance. At the outset of the hearing, the trial court asked whether there was any legal cause not to proceed with sentencing, and defense counsel affirmatively represented there was no legal cause *not* to proceed. Later in the hearing, after defendant's *Romero* and section 17 motions were denied, defense counsel requested a continuance to file "a motion

---

[4] The People do not dispute defense counsel's statement at the sentencing hearing that she was not *in receipt* of the probation report until the day of sentencing, but they do not concede the report was actually unavailable to counsel two days prior to sentencing.

9.

requesting less time for a mitigation sentencing." As the People note, a statement in mitigation was to be filed "[a]t least four days prior to the time set for imposition of judgment." (§ 1170, subd. (b)(4).) The ability to file a statement in mitigation is not dependent on receipt of the probation report which, in this case, was not required to be made available to the court and counsel until two days before the sentencing hearing. (§ 1203d.) As counsel did not articulate why that statement in mitigation could not have been timely filed, especially since defendant filed motions prior to sentencing under *Romero* and section 17, we cannot find the trial court abused its discretion in denying the motion on that ground.

Even to the extent defense counsel was seeking more time to review the probation report to address the aggravating factors noted therein, the court specifically told counsel it would hear from her further on her request for a continuance if she needed more time to address factors in mitigation and aggravation. Defense counsel did not respond to that invitation, and instead began to address factors in mitigation and aggravation.[5]

In sum, there is no affirmative evidence the probation report was not available to counsel in the time required under section 1203d; counsel did not raise any concerns about an untimely probation report at the outset of the hearing; counsel did not respond to the court's invitation to explain whether the continuance later sought was needed to adequately address aggravating circumstances articulated in the probation report; and counsel never indicated she was not prepared to go forward with the sentencing hearing without further review of the probation report. On this record, we are unable to conclude the probation report was unavailable to counsel at least two days prior to the sentencing hearing in violation of section 1203d, or that the court's denial of the motion to continue

---

[5] The only matter at issue in the sentencing of Case 1 was whether the remaining term imposed in December 2019 (and already partially served) would be served concurrent or consecutive with the new offenses in Case 2; a concurrent term was ultimately imposed.

the sentencing hearing under these specific circumstances rendered the sentencing fundamentally unfair.[6]

We find no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

DETJEN, J.

I CONCUR:


HILL, P. J.

---

[6] The People maintain there can be no fundamental unfairness caused by a court refusing to continue a sentencing hearing based on an untimely probation report if the probation report was not mandatory but merely discretionarily requested by the court. According to the People, such a timing error would be an issue solely of state law. However, if the sentencing court relies on a probation report in formulating the judgment—whether or not the probation report was mandatory or discretionarily requested by the court—and it is affirmatively established that the probation report was not made available to counsel timely as required under state law, such an error *could* cause a sentencing hearing to be fundamentally unfair if a request to continue on that basis was made and prejudicially rejected. (See *People v. Doolin*, *supra*, 45 Cal.4th at p. 450 [trial court may not exercise its discretion over continuances in a manner that deprives defendants or their attorneys a reasonable opportunity to prepare].)

11.

MEEHAN, J., Concurring and Dissenting.

I concur with the majority's conclusion the trial court did not abuse its discretion in denying defendant's request to continue the sentencing hearing. However, I would nonetheless remand this case for resentencing, and, for this reason, I respectfully dissent.

Under Penal Code section 1170, subdivision (h)(5)(B),[1] defendant's two-year sentence was imposed in December 2019, but execution of the one-year period of mandatory supervision was suspended. (*Ibid.*) When defendant violated the terms of his mandatory supervision by virtue of his felony convictions in Case 2 for making criminal threats under section 422, serious felonies within the meaning of section 1192.7, subdivision (c)(38), mandatory supervision could not be reinstated and defendant's remaining time had to be served in the state prison. (§§ 667, subd. (c)(2), 669, subd. (d), 1170, subd. (h)(3).) When defendant was sentenced in Case 2 for the new offenses he committed, it necessarily required a resentencing of his mandatory supervision period at issue in Case 1. At a minimum, the resentencing of Case 1 had to include a commitment to state prison and an update of defendant's custody credits; the trial court was also to determine whether the sentences imposed in Case 1 and Case 2 were to be served concurrently or consecutively. Case 1 and Case 2 had to be, and were, sentenced together. (§§ 669, subd. (b), see 1170.1, subd. (a).)

Case 2 was separately appealed (case No. F082378). For the reasons I explained in dissenting from my colleagues' majority opinion in Case 2, I believe the changes to the sentencing law under Senate Bill No. 567 (2021–2022 Reg. Sess.) made effective on January 1, 2022, mandate resentencing in Case 2. Consistent with that dissenting viewpoint, I would remand this case (case No. F082433) for resentencing with Case 2. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893–895 [full resentencing when a portion

---

[1] Further statutory references are to the Penal Code unless otherwise stated.

of a defendant's sentence has been recalled or stricken].)  To that limited extent, I respectfully dissent.


MEEHAN, J.