Filed 9/11/25  P. v. Wildes CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083185 |
| v. | (Super.Ct.No. FSB23002648) |
| JARED ELIAS WILDES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Affirmed.

Michaela Dalton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Amanda Lloyd and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

1

I.

INTRODUCTION

A jury found defendant and appellant Jared Elias Wildes guilty of first degree residential burglary (Pen. Code, § 459), and the court sentenced him to four years in state prison. On appeal, defendant argues the matter should be remanded for resentencing because the trial court abused its discretion when it denied his motion to continue. He contends that the denial violated his federal constitutional rights to present mitigating evidence, and to the extent counsel failed to obtain the mitigating evidence and file a formal continuance motion, counsel was ineffective. Under the circumstances presented, the trial court did not abuse its discretion in denying the request to continue the sentencing hearing and the denial did not render the sentencing hearing fundamentally unfair.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was C.L.'s son-in-law, and his wife, who was C.L.'s daughter, had passed away several years ago. C.L would help defendant out from time to time, allowing him to spend the night a couple of times and helping him find work. A week before the burglary, defendant had stopped by the house looking for work. C.L. asked defendant to watch the house and placed a tent in the front yard so defendant could stay there. C.L. did not give him permission to go inside because, despite C.L.'s help, defendant had a history of breaking into his house.

On August 7, 2023, C.L. arrived home after having been out of town and locking up his home. When he arrived home, C.L. noticed that the front door appeared to have been kicked in or pried open and there was damage around the locks. When C.L. opened the door, he heard some scuffling inside the house and saw someone in the kitchen. C.L. also noticed a suitcase he did not recognize, along with broken wood and trash that had not been there before. After the intruder, who was later identified as defendant, went up into the attic, C.L. heard defendant shuffling around in the attic. C.L. called up to the attic, asking who was there and what were they doing. Defendant responded that it was him, and C.L. asked him to leave, but he refused. Defendant told C.L. that he was going to have to call the police to drag him out. C.L. confirmed that was what defendant wanted to do, and defendant said yes. C.L. then called 911.

Dispatch advised C.L. to wait outside, which he did, and deputies arrived a few minutes later. C.L. pointed out where defendant was to the deputies. Defendant was apprehended walking away from the house. C.L. later inspected the house and saw that his wife's office had been trashed and items belonging to his wife and daughter had been placed in bags and left by the front door. C.L. also discovered that about $50-$60 worth of tools were missing from his home.

On November 29, 2023, a jury found defendant guilty of one count of first degree residential burglary (Pen. Code, § 459). Thereafter, the trial court found true four circumstances in aggravation, specifically that (1) defendant's prior convictions were numerous or of increasing seriousness (Pen. Code, § 1170(b)(2)(14)); (2) defendant had served a prior prison term (Pen. Code, § 1170, subd. (b)(2)(15)); (3) defendant was on

3

Post Community Supervised Release (PCRS) when he committed the instant offense (Pen. Code, § 1170, subd. (b)(2)(16)); and (4) defendant's prior performance on probation or PCRS was unsatisfactory (Pen. Code, § 1170, subd. (b)(2)(17)). The court then asked defense counsel whether counsel wanted to conduct the sentencing hearing that day or set it out to obtain a report. Defense counsel responded that she wanted to submit a sentencing brief and have a social worker speak with defendant to prepare a biopsychological report. The court referred the matter to probation to prepare a presentence report and scheduled a sentencing hearing for December 28, 2023. The court informed defendant and his counsel as follows: "You have the right to have a report prepared by the probation department which includes their assessment of the case and as well as the social history about you. If you want that report, I will order them to do that. If you don't want that report, you don't have to wait for that, and we don't have to order it. And [defense counsel] can certainly argue the points. I've got a lot of information about you already. And [defense counsel] is going to do a write-up. So I'm not sure it would add anything. But it's your choice, not my choice. If you want the probation to do a report, you have the right to have them do that. [¶] The more I think about it, [defense counsel], I'm just going to order it, the more I think about it. [¶] Matter is referred to probation for full presentence investigation and report and any recommendations for restitution, if any."

On December 18, 2023, the People filed a sentencing memorandum and, on December 28, 2023, the probation department filed its presentence report. Defendant did

4

not file a sentencing brief.  Prior to the sentencing hearing, the court reviewed the People's sentencing memorandum and the probation officer's report.

The sentencing hearing was held on December 28, 2023.  At the outset of the hearing, defense counsel objected to proceeding with sentencing, indicating that defendant would be requesting a continuance due to the need to "conduct an evaluation of [defendant] so that [they] can present mitigation to the court."  Counsel argued that denial of a continuance "would be a violation of [defendant's] right to sentencing and right to present mitigating evidence."  Counsel noted that trial had concluded only a month ago, and although her office had sent social workers to interview defendant and there had been an effort to conduct mitigation, "it did not get done."  Counsel wanted to meet with defendant personally to gather mitigation information because, considering the sentencing options and defendant had been convicted of a strike offense, counsel felt like mitigation evidence would be "imperative to [the] defense."

When the trial court inquired why the social worker was unable to complete the work, counsel responded that "there was a denial on [defendant's] part," but defendant had agreed to speak with her so she believed the interview could be accomplished.  The court then questioned, "He refused to talk to the social worker?"  Counsel responded, "He did for certain reasons, which I don't believe are relevant at this point."  Counsel also stated that the request was timely since trial had just occurred and the holidays had prevented her from personally visiting with defendant to speak to him about the refusal to be interviewed by the social worker.

The prosecutor objected to the continuance because defendant had refused to be interviewed. The prosecutor also pointed out that the probation officer spoke to defendant, who provided his personal history but declined to speak about the offense, and thus defendant had the opportunity to present mitigating evidence but declined to do so. Moreover, the prosecutor did not believe there were mitigating factors that would warrant anything less than the aggravated term. Defense counsel responded that defendant had not chosen to forego presenting mitigating factors but had choose to speak with her—his attorney. Counsel further asserted that defendant had the right to choose the way he presented mitigating evidence, and for her to be effective, she needed to visit him to gather the evidence.

The court denied the request to continue the sentencing hearing. The court noted the matter had been set for a while, there had been no motion to continue filed under Penal Code section 1050, and in any event, there was no good cause to continue the sentencing hearing. After the court denied the request for continuance, defense counsel added that she had considered filing a motion under Penal Code section 1181 and had been conducting research on the issue.

The trial court thereafter proceeded to sentencing defendant. As to the sentence, defense counsel objected to probation's recommendation that the middle term be imposed, or any prison time for that matter. Counsel then referenced post-trial statements made by several jurors indicating they did not believe that defendant intended to steal anything or had a felonious intent and that because the crime only amounted to a trespass, anything other than a grant of probation was inappropriate. Counsel also argued that

6

legislation had limited the court's discretion to sentence defendant to a midterm or aggravated sentence.

The prosecutor argued that the lower term was not presumptive because no evidence of psychological issues or childhood trauma existed, and even if such evidence did exist, it was not a bar to a middle or aggravated term. The prosecutor acknowledged the discussion with three jurors, and noted, "while they did say something to the extent of coming to their verdict with a heavy heart, they did express that at the end of the day they did believe that the defendant did have the intent to steal." The prosecutor further asserted that it was not relevant whether or not the jurors believe defendant deserves a prison sentence, and while it is appropriate to consider the victim's wishes regarding sentencing, "the court must also consider protection of the public, the community," and for "the court to decide whether or not the defendant is on probation or goes to prison." The prosecutor argued that the aggravated term of six years was appropriate due to the presence of aggravating factors, defendant's dishonesty with probation regarding his substance abuse issues, and his failure to express remorse and take responsibility.

The court elected to disregard any argument regarding the juror's statements, noting, "What the jurors told anybody in the hallway cannot be used in arriving at the verdict. The verdict speaks for itself, and the defendant was found guilty of first degree burglary." Defense counsel reasserted that she sought a continuance to pursue a motion under Penal Code section 1181, so the court could act as a 13th juror. The court responded that even if it were asked to sit as a 13th juror, it would find that the verdict was supported by the evidence and that defendant is guilty of first degree burglary.

7

The court thereafter proceeded to sentencing defendant. Contrary to the probation officer's recommendation or findings, the court found two mitigating circumstances, namely the existence of trauma in defendant's life and that defendant did not expect anyone would be hurt during the burglary. Nonetheless, the court found four aggravating circumstances were present as well, and there were no unusual circumstances that would best serve the interests of justice if defendant was granted probation. The court ultimately imposed the midterm sentence of four years. After pronouncement of judgment, counsel again objected to the imposition of sentence on the grounds defendant was denied his right to present evidence in mitigation and denied the effective assistance of counsel. The court responded that there was no basis to continue and that counsel had sufficient time to obtain the evidence. Counsel asked again for a continuance and the court reasserted the request had been denied. Defendant timely appealed.

III.

DISCUSSION

Defendant contends the trial court erred in denying his motion to continue sentencing and thus the case must be remanded for a new sentencing hearing. Specifically, he asserts the court abused its discretion in failing to grant the request for a continuance despite showing good cause and the error rendered the sentencing procedure fundamentally unfair and arbitrarily denied his due process rights. He further argues if his trial counsel's failure to comply with Penal Code section 1050 and articulate good cause justified the denial of the request for continuance, his counsel provided ineffective assistance.

8

Continuances in criminal cases may be granted only for good cause. (Pen. Code, § 1050, subd. (e).) The party challenging a ruling on a continuance bears the burden of establishing an abuse of discretion. (*People v. Beames* (2007) 40 Cal.4th 907, 920 (*Beames*); accord, *People v. Strozier* (1993) 20 Cal.App.4th 55, 60; *People v. Jeffers* (1987) 188 Cal.App.3d 840, 850.) "Under this state law standard, discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered." (*Beames*, at p. 920.) "A reviewing court considers the circumstances of each case and the reasons presented for the request to determine whether a trial court's denial of a continuance was so arbitrary as to deny due process." (*People v. Doolin* (2009) 45 Cal.4th 390, 450 (*Doolin*).) A trial court may not exercise its discretion over continuances in a manner that deprives defendants or their attorneys a reasonable opportunity to prepare. (*Ibid*.; see *People v. Snow* (2003) 30 Cal.4th 43, 70 (*Snow*).) "Although a defendant is not entitled to the same procedural safeguards at a sentencing hearing as he is at trial, the procedures must be fundamentally fair." (*People v. Leffel* (1987) 196 Cal.App.3d 1310, 1318 (*Leffel*), overruled on another ground in *People v. Bullock* (1994) 26 Cal.App.4th 985, 987-989.)

Not every denial of a request for a continuance constitutes a due process violation, "even if the party seeking the continuance thereby fails to offer evidence." (*Beames*, *supra*, 40 Cal.4th at p. 921.) "Although 'a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality[,] . . . [t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.' [Citation.] Instead, '[t]he answer

9

must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" (*Ibid*.; accord, *People v. Courts* (1985) 37 Cal.3d 784, 791.) "Absent a showing of an abuse of discretion and prejudice, the trial court's denial does not warrant reversal." (*Doolin*, *supra*, 45 Cal.4th at p. 450.)

As previously noted, a continuance may only be granted for good cause, and trial courts have broad discretion to determine whether good cause exists. (Pen. Code, § 1050, subd. (e); *People v. Alexander* (2010) 49 Cal.4th 846, 934.) We review an order denying a motion to continue for an abuse of discretion. (*People v. Mungia* (2008) 44 Cal.4th 1101, 1118.) This standard applies to motions to continue sentencing. (See, e.g., *Snow*, *supra*, 30 Cal.4th 43, 77.)

Defendant contends the denial of his motion to continue the sentencing hearing violated his state and federal constitutional rights to the effective assistance of counsel because it prevented his attorney from preparing for the proceeding. Specifically, he contends the failure to permit a continuance prevented his counsel from obtaining mitigating evidence. He argues he was entitled to have his attorney interview him to obtain the mitigating circumstances of his mental health, substance abuse and homelessness and the alleged error in denying his request for a continuance was prejudicial because there was a possibility the court would have imposed the lower term. He further contends if counsel's failure to comply with Penal Code section 1050 and articulate good cause justified the denial of the request for continuance, we should find his counsel was ineffective.

10

In ruling on a motion to continue, the court must consider not only the benefit that the moving party anticipates, but also the likelihood that such benefit will result, the burden on other witnesses, jurors, and the court and, above all, whether substantial justice will be accomplished or defeated by a granting of the motion. (*People v. Jenkins* (2000) 22 Cal.4th 900.) The trial court's decision will not be disturbed on appeal in the absence of a clear abuse of discretion. (*Ibid.*; accord, *Beames*, *supra*, 40 Cal.4th at pp. 920-921 ["an order denying a continuance is seldom successfully attacked"; "discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered"].)

Here, after the verdict and making true findings on four factors in aggravation, the court notified defense counsel that counsel should file a sentencing brief. Defense counsel expressed her intention to do so and have a social worker speak with defendant to prepare a biopsychological report. The court then continued the matter for about a month. Prior to the sentencing hearing, the People filed a sentencing memorandum, and the probation department filed its presentence report. Defendant did not file a sentencing brief or a motion for continuance in advance of the hearing.

At the outset of the sentencing hearing, defense counsel sought a continuance to conduct an evaluation of defendant so they could present evidence in mitigation. The court inquired why the social worker was unable to complete the work. Defense counsel responded that "there was a denial on [defendant's] part." Nevertheless, defendant agreed to speak with her so she believed the interview could be accomplished. Counsel also stated that the request was timely since trial had just occurred and the holidays had prevented her from personally visiting with defendant to speak to him about the refusal.

11

The court denied the request to continue the sentencing hearing, noting the matter had been set for a while, there had been no motion to continue filed under Penal Code section 1050, and in any event, there was no good cause to continue the sentencing hearing. Contrary to the probation officer's recommendation, the court found two mitigating circumstances, namely the existence of trauma in defendant's life and that defendant did not expect anyone would be hurt during the burglary. The court also found four aggravating circumstances and no unusual circumstances that would best serve the interests of justice if defendant was granted probation, and ultimately imposed the midterm of four years.

Under these circumstances, we cannot conclude defendant has met his burden of establishing the denial of his request for a continuance constituted a clear abuse of discretion such that it exceeded the bounds of reason. (See *Doolin*, *supra*, 45 Cal.4th at p. 451 [court was within its discretion to deny continuance where additional evidence would have limited impact, counsel made only a general assertion more time was needed to prepare a defense, provided no explanation why given time was insufficient to prepare, and made no showing he could produce specific, relevant mitigating evidence within a reasonable time]; see also Pen. Code, § 1050, subd. (i) ["A continuance shall be granted only for that period of time shown to be necessary by the evidence considered at the hearing on the motion"].)

It is true the trial court may not exercise its discretion "'so as to deprive the defendant or his attorney of a reasonable opportunity to prepare.'" (*Doolin*, *supra*, 45 Cal.4th at p. 450; see *People v. Sakarias* (2000) 22 Cal.4th 596, 646 (*Sakarias*).) But

12

here, the court permitted counsel time to file a sentencing brief, as well as have a social worker interview defendant. Defendant, however, chose not to speak to the social worker. In addition, defendant had been interviewed by probation and had provided his background information, explaining he was homeless and that his wife had passed away in a car accident in 2014. The probation officer further noted that although defendant denied any such issues, there was evidence of mental health and substance abuse problems. The victim also stated that defendant was not a bad person, but needed help due to his mental health and drug addiction issues. The victim hoped the court would impose rehabilitative measures and not punitive ones. Counsel had both the probation officer's presentence report and the People's sentencing memorandum prior to the hearing, and presumably reviewed the documents. Counsel did not discuss what additional information she would obtain from defendant to proceed in a competent matter. (Cf. *People v. Fontana* (1982) 139 Cal.App.3d 326, 331 [court abused its discretion in denying continuance where counsel announced he was not ready to proceed at parole revocation hearing and detailed what he believed he had to accomplish to proceed in a competent manner; after 45-minute recess, he represented he had not finished reading necessary documents or had an opportunity to review certain questions and matters in preliminary hearing transcript, and was not prepared to cross-examine victim so would not].) Given these circumstances and the scope of the hearing, we cannot conclude defendant or his attorney were deprived of a reasonable opportunity to prepare or present mitigating evidence.

13

Irrespective, a trial court's denial of a motion for continuance does not warrant reversal absent prejudice to the defendant. (See *Doolin*, *supra*, 45 Cal.4th at p. 450; accord, *People v. Laursen* (1972) 8 Cal.3d 192, 204.) And here, even if the court erred in denying the continuance, we cannot conclude defendant has established he was prejudiced by the court's ruling. Based on the information provided to the court and the circumstances of the offense, the court found that circumstances in mitigation existed, specifically, trauma in defendant's life and the fact that defendant did not expect that anyone would be hurt during the burglary. Those circumstances were considered in its sentencing decision. Given that the court considered circumstances in mitigation, possessed information concerning the areas of mitigation that defendant requested additional time to explore, and found true four circumstances in aggravation, defendant cannot show that the continuance would have been useful. And defendant previously had an opportunity to present mitigating evidence and counsel argued the mitigating evidence in support of a low term. Thus, even if defendant could have presented further evidence in mitigation, we cannot conclude another outcome was reasonably likely. (See *Doolin*, *supra*, 45 Cal.4th at p. 450 [no abuse of discretion where continuance was untimely and unlikely to affect the outcome of the proceedings because evidence sought would have had little impact in light of other extensive evidence].)

We also cannot conclude defendant has established the denial of the continuance rendered his attorney's assistance constitutionally ineffective. Rather, "'[t]he record demonstrates neither that counsel performed below the standard of a reasonably competent attorney in arguing the . . . motion[], nor that the . . . additional step defendant

14

asserts should have been taken was reasonably likely to affect the result.'" (*People v. Gray* (2005) 37 Cal.4th 168, 225; see *Sakarias*, *supra*, 22 Cal.4th at p. 647.)

For these reasons, we also cannot conclude the denial of defendant's request for a continuance was "so arbitrary as to deny due process." (*Beames*, *supra*, 40 Cal.4th at p. 921.) There are no "'mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.' [Citation.] Instead, '[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' [Citations.]" (*Ibid*.) Given the circumstances discussed, particularly counsel's general reasons for the request, as well as the scope of the hearing, and counsel having the presentence report by probation and the People's sentencing memorandum, counsel having time to review the relevant information, and an opportunity to be heard, we cannot conclude the court's denial of defendant's request for a continuance was "so arbitrary as to violate due process."

Accordingly, we reject defendant's contentions.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____

J.

We concur:


RAMIREZ _____

P. J.


MILLER _____

J.